509 So.2d 106 (1987)
SHEL-BOZE, INC.
v.
David MELTON and David Melton General Contracting Company, Inc., and Mildred "Robin" Melton.
No. 86 CA 0590.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Dissenting Opinion June 23, 1987.
*107 James R. Coxe, III, C. Glenn Westmoreland, Baton Rouge, for plaintiff-appellant Shel-Boze, Inc.
Donna Wright Lee, Lee & Frost, Baton Rouge, for plaintiff-in-reconvention-appellee Mildred "Robin" Melton.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
This case arises from the garnishment of a wife's wages to enforce an obligation incurred by her husband during the existence of the community property regime. Because the wages were community property when the garnishment judgment was rendered, the trial court's award of general damages and attorney's fees for wrongful garnishment was inappropriate. However, because the community was subsequently terminated by a judgment of separation, the former wife is entitled to reimbursement of those wages garnished after the filing of the petition for separation. The judgment of the trial court is therefore reversed in part and affirmed in part.

FACTS
In early 1983, David Melton personally guaranteed payment of his corporation's open account with Shel-Boze, Inc., a supplier of building materials. Upon default, Shel-Boze sued the corporation, and Melton individually. David Melton was served with process at the residence he shared with his wife, Mildred Melton, but failed to answer, and a default judgment for $1219.34 plus attorney's fees was rendered on November 28, 1984, against him and the corporation. Mildred Melton was not a party to this judgment.[1]
*108 Shel-Boze subsequently filed a petition to garnish Mildred Melton's wages from the East Baton Rouge School Board, on February 13, 1985. A writ of fieri facias was issued on March 1, 1985; a judgment of garnishment was rendered on March 21, 1985 and served on the School Board on March 25, 1985. Mildred Melton was not served with prior judicial notice of the garnishment.
After the garnishment commenced, Mrs. Melton filed a petition for separation, on May 8, 1985, and a judgment of separation from her husband was rendered on June 14, 1985. The effect of the judgment was to terminate the community regime retroactive to the filing of the separation petition. On the date of the judgment, Mrs. Melton filed a motion to dissolve the garnishment, and prayed for damages, attorney's fees and reimbursement of her wages. After learning of the separation, Shel-Boze itself moved to dissolve the garnishment, on June 28, 1985, and an order to that effect was signed by the trial court on July 2, 1985. The court subsequently ordered that all of Mrs. Melton's wages garnished after May 8, 1985 (the date of termination of the community) be returned to her, and awarded Mrs. Melton $400 in general damages and $200 as attorney's fees. Shel-Boze appealed.

STATEMENT OF LAW
We will first address the issue whether the issuance of the writ of fieri facias and garnishment were wrongful. The second issue to be addressed is whether Mrs. Melton should be reimbursed for wages garnished after May 8, 1985.

The Award of General Damages and Attorney's Fees
Prior to the filing of her petition for separation on May 8, 1985, Mildred Melton's wages were community property. See LSA-C.C. art. 2338. The garnishment was effective upon service of the petition, citation, and interrogatories to the School Board, LSA-C.C.P. art. 2411, on March 25, 1985, over a month earlier. Mrs. Melton's wages were therefore community property when the garnishment became effective. Shel-Boze, as a creditor, was entitled to satisfy the obligation incurred by David Melton from Mrs. Melton's wages, LSA-C.C. art. 2345, by garnishment, LSA-C.C.P. art. 2411; LSA-R.S. 13:3921.
Mrs. Melton refers to LSA-C.C.P. art. 3506 as support for the trial court's award of damages and attorney's fees. Assuming that an award of damages and attorney's fees for a wrongful garnishment under a writ of fieri facias is permitted,[2] we find no evidence that the writ was wrongfully issued, that Mrs. Melton's wages were wrongfully seized, or that the garnishment was wrongfully continued.
Mrs. Melton notes that she was a necessary, though not indispensable, party to Shel-Boze's action to enforce the obligation against her community wages. LSA-C. C.P. art. 735. Compare LSA-C.C.P. art. 642 (necessary parties) with LSA-C.C.P. art. 641 (indispensable parties). She contends that the failure to serve her individually with prior notice of the original judgment or the garnishment proceedings deprived her of the procedural due process rights guaranteed her by the United States and Louisiana Constitutions.
We do not believe that, under the circumstances, the failure to join Mrs. Melton as a necessary party deprived her of any constitutionally-protected right.
*109 The failure to join a necessary party is a dilatory exception, LSA-C.C.P. art. 926(8), which must be pleaded prior to answer or judgment by default. LSA-C. C.P. art. 928. In addition, where non-joinder may result in injustice, the trial court may, on its own motion, order joinder of the other spouse in a suit to enforce a community obligation. LSA-C.C.P. art. 735. This exception was not pleaded, nor was joinder ordered by the trial court, before judgment of default. Here, either Mr. Melton or Mrs. Melton was the proper party defendant in the suit to enforce the obligation against community property. LSA-C.C.P. art. 735. An adjudication of an action may be made even if all necessary parties are not joined. LSA-C.C.P. art. 642.
Each spouse, acting alone, may generally manage, control, or dispose of community property, LSA-C.C. art. 2346, although the other may have an action for reimbursement of community funds used to pay a separate obligation, LSA-C.C. art. 2364, or for bad faith management, LSA-C.C. art. 2354. In the instant case, Mr. Melton obligated the community property by guaranteeing payment of the business loan. He acted for the community in accepting service of notice of the original suit and, apparently, made a decision not to expose the community to the expense of defending it or the subsequent garnishment of the community income. A default judgment was rendered against Mrs. Melton's husband during the community regime after service upon him at the community residence. Three demand letters threatening the garnishment of Mrs. Melton's community wages were thereafter sent to the community residence. At the time the writ of fieri facias was issued (March 1, 1985), when the judgment of garnishment was rendered, and until the community was finally dissolved by the judgment of separation on June 14, 1985, plaintiff Shel-Boze had a right to execute upon Mrs. Melton's wages.
We believe that, if at all possible, both spouses should be made parties to any suit to enforce an obligation against community property. However, where, as here, the spouses reside together at the time, service of prior notice on one spouse alone does not offend the due process rights of the other with respect to the enforcement of an obligation against community property. As such, Mrs. Melton is not entitled to damages and attorney's fees for wrongful garnishment.

Reimbursement
Although Mrs. Melton may not recover damages for wrongful garnishment, we believe that she is entitled to reimbursement of all of her wages garnished after May 8, 1985, the date the community was terminated and her wages became her separate property.
The judgment of separation, rendered June 14, 1985, terminated the community retroactively to the date the original petition for separation was filed, May 8, 1985. LSA-C.C. art. 155(A). This retroactivity is without prejudice to rights validly acquired by third parties, such as Shel-Boze, in the interim. LSA-C.C. art. 155(A);[3]Aime v. Hebert, 254 So.2d 299, 300 (La.App. 4th Cir.1971).
We do not believe that any rights validly acquired by Shel-Boze after the filing of the petition for separation are prejudiced by giving retroactive effect to the judgment of separation. Shel-Boze's right to execute against future community property was acquired when its judgment became final, in late 1984, and was necessarily contingent upon a continuation of the community property regime. After termination, Shel-Boze had the right to execute against the property of the former community *110 and David Melton's separate property, LSA-C.C. art. 2357, but it was not entitled to retain Mrs. Melton's wages after they became her separate property. As such, Mrs. Melton is entitled to the reimbursement of all wages garnished after the termination of the community property regime on May 8, 1985.
Accordingly, the judgment of the trial court is reversed in part insofar as it awarded damages and attorney's fees for wrongful garnishment, and affirmed in part, insofar as it reimbursed Mrs. Melton for wages garnished after May 8, 1985, and awarded legal interest from that date.
Costs of this appeal are assessed against appellant and appellee equally.
AFFIRMED IN PART, REVERSED IN PART.
LeBLANC, J., affirms in part and dissents in part and assigns reasons.
LeBLANC, Judge, dissenting.
I respectfully dissent from the portion of the majority opinion which gives retroactive effect to the judgment of separation as it affects Shel-Boze Inc. for the following reasons.
The crucial issue in this case is whether the community, as it affects third parties such as Shel-Boze, Inc., was dissolved as of the date the petition for separation was filed or as of the date the judgment of separation was rendered.
I am of the opinion that under the wording of La.Civ.Code art. 155 the community was dissolved as against Shel-Boze Inc. as of the date the judgment of separation was rendered. As between Mr. and Mrs. Melton, the judgment of separation should be retroactive to the date on which Mrs. Melton filed her petition for separation; however, as to Shel-Boze, who had a valid garnishment judgment and who had no notice of the filing of the petition for separation, the community should be dissolved only as of the date the judgment of separation was rendered. As such, I am of the belief that Shel-Boze, Inc. should not be required to reimburse Mrs. Melton all wages garnished after the petition for separation was filed on May 8, 1985, but rather should be required to reimburse Mrs. Melton for all wages garnished after the judgment of separation was rendered on June 14, 1985.
NOTES
[1] The record is not clear as to whether this debt was a community obligation incurred by David Melton or his separate obligation. Our result is the same in either case.
[2] See LSA-C.C.P. arts. 2411, 3503. An award of general damages for wrongful seizure pursuant to a writ of fieri facias is permitted. See Ford Motor Credit Co. v. Corbello, 482 So.2d 203, 205 (La.App. 3d Cir.), writ not considered, 484 So.2d 132 (La.1986). However, there is no specific statutory provision for an award of attorney's fees in the dissolution of a wrongfully issued writ of fieri facias. General Motors Acceptance Corp. v. Meyers, 385 So.2d 245, 247 (La.1980). Compare LSA-C.C.P. art. 3506 (wrongful issuance of writ of attachment or sequestration); LSA-C.C.P. art. 2298 (injunction in fieri facias proceeding); LSA-C.C.P. 2751 (injunction in executory proceeding); LSA-R.S. 51:1405 (unfair trade practices).

Generally, a successful litigant cannot recover attorney's fees, except where authorized by statute or contract. Meyers, 385 So.2d at 247.
[3] LSA-C.C. art. 155(A) provides in part:

The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date on which the original petition was filed in the action in which the judgment is rendered, but such retroactive effect shall be without prejudice... to rights validly acquired in the interim between commencement of the action and recordation of the judgment. (Emphasis added.)