548 So.2d 12 (1989)
Mary BOEHM
v.
Ricky J. FRENCH and The Alabama Farm Bureau Insurance Company.
Nos. 89-CA-124, 89-CA-125.
Court of Appeal of Louisiana, Fifth Circuit.
June 16, 1989.
Maria I. O'Byrne Stephenson, Maria I. Patino-Caro, Law Offices of Maria I. O'Byrne Stephenson, New Orleans, for defendants-appellants.
Oestreicher, Whalen & Hackett, David W. Oestreicher, II, New Orleans, for plaintiff-appellee.
Before CHEHARDY, GAUDIN and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
Defendants, Ricky French and The Alabama Farm Bureau Insurance Company (AFBIC), appeal from a judgment in an automobile collision case rendered in favor of plaintiff, Mary Boehm.
On appeal defendants assert the trial judge erred in finding them liable for all consequential damages when the evidence shows plaintiff failed to mitigate her property damages. We affirm.
Defendant Ricky French and plaintiff were involved in an automobile collision on August 25, 1985. The collision occurred when French attempted to cross a four-lane roadway (with two-way traffic) in order to enter the extreme right lane of travel. French safely negotiated three lanes but as he entered the far lane his vehicle was struck on the right side by a car driven by plaintiff, who was unable to see French until he suddenly pulled out in front of her.
As a result of the damage to her car, on the following day Mrs. Boehm rented a vehicle from Rainbow Rent-A-Car. She subsequently spoke with Mike Anderson at Crawford & Co. Insurance Agency, the adjusters for defendant AFBIC. After receiving estimates for her car's repair, plaintiff was instructed by Anderson to take her car to Leson Chevrolet for the repair work and was told that AFBIC would pay for the repairs when they were completed. Plaintiff then deposited the vehicle at Leson Chevrolet on September 3, 1985.
*13 The repairs to plaintiff's car were completed on September 19, 1985. On September 23, 1985, plaintiff was informed of this fact and was told she had to pay the repair cost of $1,760 before she could retrieve the vehicle. Plaintiff refused to pick up the automobile because she thought the defendant insurance company was going to pay for the repairs and because she did not have the funds to pay the $1,760 bill. She then wrote a letter to Crawford & Co., informing them of this fact and notifying them their failure to pay was causing her harm. She received no response to this notification.
Plaintiff continued to rent a vehicle from Rainbow Rent-A-Car until December, 1985. At that time she discontinued the rental, although she still did not have her vehicle which was being held at Leson Chevrolet pending payment of the repair bill. The rental bill amounted to $2,612.37 $814.82 owed for August 26, 1985 to September 26, 1985 and $1,797.55 owed for the period October 10, 1985 to December 9, 1985. The rental fees were charged to her father's credit card and Mrs. Boehm later began repaying the debt in monthly installments. (Plaintiff's father has since died.)
As a result of defendants' failure to pay her repair bill and the personal injuries to her head and back she sustained in the accident, Mrs. Boehm filed suit against defendants on November 6, 1985. In February 1986, Leson Chevrolet advised her by letter that unless she retrieved her car as of February 17, 1986 she would be charged a $5 per day vehicle storage fee. Since she failed to retrieve her car or pay the storage fees, Leson subsequently filed suit against her for the repair total and storage fees to date of the petition in the amount of $4,707.73, plus $5 per day storage from the date of the petition until date of judgment. (That suit was consolidated with the present action in the trial court, but has yet to be heard.)
A judge trial was held on Mrs. Boehm's action against defendants on August 31, 1988. Following the trial the case was taken under advisement. On September 26, 1988, judgment was rendered in plaintiff's favor, and she was awarded $4,000 in general damages and $7,660.16 for medical expenses, rental car expense, and vehicle storage fees.
In their appeal of the judgment, defendants are only concerned with the damages attributable to inconvenience and storage fees after September 26, 1985. They contend the trial judge erred in awarding these damages because plaintiff failed to mitigate her losses as required by law. In this respect defendants assert Mrs. Boehm should have retrieved her vehicle from Leson Chevrolet on September 23, 1985, instead of expending an amount greater than the repair bill for a rental car.
Plaintiff asserts she mitigated her damages to the best of her ability. She points out she took the car to be repaired at Leson Chevrolet timely and on the instruction of AFBIC's adjuster. In addition she argues she was personally unable to pay the repair bill. She explains that, although her father paid for the rental of a car, neither she nor her father expected the rental bill to cost more than the repair bill, and she notes that she was not aware of the total until December when she returned the rental car.
Mrs. Boehm testified to the problems she has encountered as a result of AFBIC's failure to redeem her car. In particular she stated she has been unable to afford to purchase another vehicle or to pay the costs accruing at Leson Chevrolet to retrieve her car. She testified that she has been without a car since she returned the rental automobile in December 1985. As a result she has had to rely on others for transportation. Mrs. Boehm stated this has created a hardship in view of the fact she now lives in a rural area in a neighboring state.
Louisiana law requires an injured party to mitigate his/her damages. Unverzagt v. Young Builders, Inc., 252 La. 1091, 215 So.2d 823 (1968); Easterling v. Halter Marine, Inc., 470 So.2d 221 (La. App. 4 Cir.1985), writ denied 472 So.2d 920 (La.1985); Gagnet v. Zummo, 487 So.2d 721 (La.App. 5 Cir.1986). The duty to mitigate requires the injured party to take *14 reasonable steps to minimize the damages that are a consequence of the injury. Unverzagt v. Young Builders, Inc., supra, Easterling v. Halter Marine, Inc., supra. These efforts are determined by the rules of "common sense, good faith and fair dealing." Unverzagt 215 So.2d at 825. However, the plaintiff cannot act in such a way as to invite injury. Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971). And, while not expected to give up valuable rights and privileges, the injured party may be required to spend reasonable sums to avoid additional losses. J. Cohen Jewelers v. Succession of Jumonville, 506 So.2d 535 (La.App. 1 Cir.1987), writ denied 511 So.2d 1155 (La.1987). But, in any event, the standard to be followed is the reasonably prudent person under the same or similar circumstances. Stanley v. Guy, 442 So.2d 579 (La.App. 1 Cir.1983).
In this case the trial judge recognized the importance of a car for transportation in the modern world. He found the defendants held "an innocent plaintiff hostage" to this need, and thus determined they were liable for repair costs and the storage fees, as well as for damages for loss of use and inconvenience. While the trial judge recognized plaintiffs duty to mitigate, he concluded she acted to the best of her ability considering her lack of sophistication and knowledge. He further pointed out a defendant legally takes his victim as he finds him. He concluded that plaintiff acted reasonably under the circumstances and should be compensated for all her losses (pointing out that plaintiff has had to face the further inconvenience of the lawsuit filed against her by Leson Chevrolet).
The trial court has great discretion in awarding damages and that award will not be disturbed by the appellate court without a finding that the trial court abused its discretion. Reck v. Stevens, 373 So.2d 498 (La.1979); Johnson v. Pepperman, 512 So.2d 1225 (La.App. 5 Cir.1987). Furthermore, a trial court's factual findings are given great weight on appellate review and may not be modified absent a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
After reviewing the evidence in this case, we find no manifest error in the trial court's factual findings. Neither do we find the trial judge abused his discretion in awarding plaintiff all of her consequential damages after September 25, 1985.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of this appeal are to be paid by appellants.
AFFIRMED.