PLOTKIN, Judge.
On December 23, 1983, Charles Elloie signed a purchase agreement with Philip Werlein, Ltd., for the unpaid balance of $3622.84 on the purchase of a grand piano. The interest was computed at 18% for a total amount due over five years of $5519.76. The contract contained a clause in which Elloie agreed that if the debt was placed with an attorney for collection, he would pay 25% of the amount due in attorney’s fees.
Elloie did not make his payments. On June 18, 1984, Werlein filed a petition for a writ of sequestration for four months payment ($367.96) which was then due. A writ *96 of sequestration was issued on August 16, 1985, but never served on the defendant.
On October 24, 1985, Werlein filed a supplemental and amending petition, converting the proceeding into one for monetary damages. In that petition the debt was stated to be for $3,244.94, reflecting payments which had been made by Elloie. Defendant was served with this petition on October 28, 1985. Defendant failed to appear at trial and a default judgment was issued on January 23, 1986, in favor of Werlein, in the amount of $2,182.83, plus interest, attorney’s fees in the amount of 25% of the principal of $5,427.77, and costs.
On May 15, 1986, Werlein paid for a writ of fieri facias. On June 20, the piano was seized. On June 23 a notice of sale was issued. The piano was appraised and sold for $1,998.67.
On August 31, 1987, Werlein filed a petition for garnishment, alleging a debt of $5,427.77, plus interest, attorney’s fees, and costs. On the same date the Office of the Constable issued a notice to garnishee, advising the First National Bank of Commerce of the seizure of $2,182.83. On November 19, 1987, the court issued a judgment of garnishment against the bank, ordering it to pay to plaintiff up to the full amount of the judgment.
On January 25, 1989, Elloie filed a petition to annul the judgment of January 23, 1986, and for damages for excessive seizure. On June 26, 1989, counsel for Wer-lein wrote a letter to the court itemizing the amounts owed. This letter was entered into the record. On July 24, 1989, the court rendered judgment against Elloie, dismissing his petition. Elloie has appealed, raising four issues on appeal.
ISSUE 1: Whether the Piano was Seized Pursuant to a Valid Writ and Sold Pursuant to a Valid Notice of Sale
Werlein originally petitioned for a writ of sequestration in June 1984. In May 1985 it paid for a writ of fieri facias which was not issued because no judgment had yet been obtained. On August 16, 1985, a writ of sequestration was issued. This writ does not appear to have been executed. It would have ceased to be valid six months from its date of issuance, that is, after February 16, 1986. LSA-C.C.P. arts. 2294.1 and 3503.
On January 23, 1986, Werlein obtained a judgment against Elloie in the amount of $2,182.83 plus interest, attorney’s fees and costs. Pursuant to this judgment, Werlein paid for a writ of fieri facias on May 15, 1986. An annotation on this receipt states that the writ was issued on May 16. The record shows that the piano was seized on June 20, 1986. The notice of seizure was dated on May 16, 1986. It erroneously states that seizure was made pursuant to a writ of sequestration and for a debt of $367.96. The “Three Days Notice of Sale” is dated June 18, 1986, and was served on June 20. It states that the piano was seized pursuant to a writ of fieri facias to satisfy a debt in the amount of $5,427.77.
From a review of the record, it would appear that the documents cited above contain numerous clerical errors. There is, however, sufficient evidence in the record that a second writ was issued on May 16, 1986, which was valid at the time of seizure in June 1986. This court finds that the piano was seized under a valid writ of fieri facias. We also find the error as to the amount of judgment in the notice of sale to be harmless, since the piano was sold for $1,998.67, which is less than the amount of judgment ($2,182.83, plus interest, attorney’s fees, and costs). Elloie has not shown that any actual damages resulted from the clerical errors on the face of the notice of sale. LSA-C.C.P. art. 3506. Sears, Roebuck & Co. v. Guilbault, 452 So.2d 333, 336 (La.App. 4 Cir.1984).
ISSUE 2: Whether the Attorney’s Fees Should be Based Upon the Principal of $5,427.77
Elloie contends that the original petition for sequestration was filed for a debt of $367.96 and that the attorney’s fees should be based upon that amount.
The purchase agreement states that: “Purchaser agrees that if this indebtedness is placed with an attorney or agent for collection after maturity, purchaser will *97 pay the fees of the attorney or agent which fee is fixed at 25% of the amount due.” The contract further states that if “any installment or interest is not paid when due ... the entire unpaid indebtedness hereunder, at seller’s option shall be mature and be due and exigible.”
At the time when the debt was turned over to Werlein’s attorney for collection, Elloie had made one payment of $91.99. This reduced the total amount of the contract to $5,427.77. It is clear from the plain meaning of the contract that the attorney’s fees may be based upon this amount. The judgment of the trial court on the amount of attorney’s fees is not clearly erroneous.
ISSUE 3: Whether the Judgment of January 23, 1986, is Null Since Plaintiff Filed No Motion For Leave to Supplement or Amend Petition
Elloie contends that LSA-C.C.P. art. 1155 requires that a party file a motion to permit filing of a supplemental and amending petition. This is correct. However, LSA-C.C.P. art. 1151 allows a plaintiff to amend his or her petition without leave of court at any time before an answer is served. Elloie never filed an answer to the original petition. Thus the plaintiff was free to file a supplementary petition without a motion asking for leave. This assignment of error is without merit.
ISSUE 4: Whether the Judgment Has Been Satisfied
In January 1989 Elloie filed a petition for nullity of judgment and for damages for excessive seizure. This petition was dismissed on July 24, 1989. In his brief on appeal, Elloie contends that the judgment of January 23, 1986, the only judgment which the creditor has obtained against him, has been more than satisfied, and asks for return of the excess amounts seized.
The original judgment was for $2,182.83, plus interest, attorney’s fees set at 25% of $5,427.77, and costs. The interest on the judgment between January 23, 1986 and August 31, 1987, for 19.25 months at the judicial rate of 12%, is $420.19. The amount of attorney’s fees, 25% of $5,427.77, is $1,356.94. The sum of the principal, interest, and attorney’s fees is $3,959.96.
On June 23, 1986, the piano was seized and sold for $1,998.67. On August 31, 1987, defendant’s bank account was garnished in the amount of $2,182.83. The total amounts .of these two seizures is $4,181.50. Thus as of the date of the August 31, 1987, garnishment, the total seizures exceeded the total debt. Therefore, judicial interest is calculated only through this date.
Werlein continued to garnish Elloie’s bank accounts. Counsel for Werlein quantified the total credits of the debtor at $7,276.50 in his letter to the court of June 26, 1990. Since this letter uses the original debt principal of $5,427.77, owed in 1984, we presume that it includes the payments made by Elloie before the judgment of January 23, 1986. The documents introduced by the debtor into the record show a total of such payments made between November 1984 and December 1985 to be $1,411.90. The credit acknowledged by the creditor, less the payments claimed by the debtor, leaves a credit balance of $5,864.60.
The debtor’s credit balance ($5,864.60) is larger than the amount owed under the judgment of January 23, 1986 ($3,959.96 plus costs). The excess amount, that is, the difference between $5,864.60' and $3,959.96, is $1,904.64. This amount excludes court costs. However, costs are owed to the plaintiff only from the date of filing through August 31, 1987, at which point the credit balance exceeded the debt.
There can be damages for wrongful seizure if the writ under which the property has been seized was wrongfully issued. Oubre v. Hinchman, 365 So.2d 17, 19 (La.App. 4 Cir.1978). In the instant case there is not sufficient evidence that the writ was wrongfully issued. There can be damages for excessive seizure when the excessive seizure occurred through the bad faith of the creditor. LSA-C.C.P. art. 2296; LSA-R.S. 13:4290. Ustica Enterprises, Inc. v. Costello, 434 So.2d 137, 140 (La.App. 5 Cir.1983). In this case Elloie *98 has not proven any bad faith on the part of Werlein in its excessive seizure of his assets. Thus no damages for excessive seizure can be awarded.
The judgment of the trial court on July 24, 1989, dismissing Elloie’s petition for nullity of judgment and for damages for excessive judgment, is reversed only as to the issue of excessive seizure. The plaintiff, Werlein, seized $1,904.64 in excess of the amount owed. This amount is to be returned to the defendant, Elloie, less the amount of Werlein’s costs through August 31, 1987. We also award Elloie his costs in recovering this excess amount. We remand to the trial court for determination of the amount of both parties’ actual costs. On all other issues, the judgment of the trial court is affirmed.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.
PER CURIAM
Werlein filed an application for rehearing, asking this Court to reconsider its original opinion. 566 So.2d 95.
In its application for rehearing, Werlein contends that judicial interest should have been calculated though the date when it actually received funds from the First National Bank of Commerce. Werlein now states that the funds were received on January 23, 1986. This Court relied on the documents in the record, specifically on the writ of garnishment, which was dated October 24, 1985. On rehearing, this Court remands the issue of the date when the judgment was actually satisfied to the trial court so that Werlein may introduce evidence as to when it actually received funds from the First National Bank of Commerce. If this date is established as different from the date used in the original opinion to calculate the amount of costs, then the date though which Werlein may recover costs may be similarly extended.
All other issues raised on rehearing are denied and the original opinion is affirmed in all other respects.
AFFIRMED IN PART, REMANDED IN PART.