CRAIN, Judge.
This is an appeal of a judgment granting an exception of no cause of action.
FACTS
Ruth Kerico and her husband, Theodore, owned property in Baton Rouge. The property was part of the community of acquets and gains. The Kericos sold the property to Ruben and Lilo Arias and received a sum of cash and a mortgage note for $149,900, payable in monthly installments (hereafter referred to as Arias’ mortgage note). Ruth and Theodore Keri-co assigned their interest in the Arias’ mortgage note to Theodore’s parents, Francis and Myrtle Kerico, and executed a mortgage note to cancel an existing debt between Ruth and Theodore and Theodore’s parents. The assignment of the Arias’ mortgage note was executed in Florida through a document entitled a “Mortgage Deed.” A “Confirmation of Assignment” was later executed in Louisiana, but the proceeds of the Arias’ mortgage note had already been seized by Doran Chevrolet, a creditor of Theodore Kerico. Doran Chevrolet had obtained a judgment against Theodore Kerico in Texas. This judgment was brought to Louisiana and made exec-utory. The proceeds of the Arias’ note were then seized. Ruth Kerico was not named as a defendant in the Texas suit nor was she served notice of the suit or of the writ of attachment of the Arias’ mortgage note. She filed suit against Doran Chevrolet alleging wrongful seizure in that she had no notice of the seizure of community property. Doran Chevrolet filed exceptions of no cause of action and no right of action, contending that Ruth Kerico had transferred all of her interest in the Arias’ mortgage note to Francis and Myrtle Kerico. The trial court overruled the exception of no right of action, holding that Ruth Kerico might not have a right of action as to Francis and Myrtle Kerico, but that would not prohibit her from having a right of action against Doran Chevrolet. The court granted the exception of no cause of action, holding there was no wrongful seizure where alleged community property is seized based upon a suit against the husband only and where notice of seizure is served only on the husband.
The issues for review are whether due process is violated by the seizure of community property to satisfy a judgment creditor of the husband without serving notice on the wife; and, if so, whether the assignment of the mortgage note in this case created a security interest so that Ruth Kerico retained a property interest in the Arias’ mortgage note. If there is no wrongful seizure where community property is seized without notifying the wife, the question of whether Ruth Kerico retained a security interest in the Arias’ mortgage note is moot. We so hold.
ANALYSIS
The trial court based its decision on Shel-Boze, Inc. v. Melton, 509 So.2d 106 (La.App. 1st Cir.1987). Shel-Boze dealt with the garnishment of the wife’s wages (community property) to satisfy an obligation incurred during the matrimonial regime by her husband. David Melton personally guaranteed payment of a debt. The debt was not paid and the creditor filed suit. David Melton accepted service but took no further action. A default judgment was taken by the creditor and his wife’s wages were seized to satisfy the debt. Mrs. Melton was not a party to the suit nor was she a party in the action to enforce the obligation against community property.
The court in Shel-Boze held that the failure to join Mrs. Melton did not deprive her of due process.
La.Civ.Code art. 2345 states:
A separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation.
*105 La. Civ. Code art. 2364 provides for reimbursement to a spouse when community property is used to satisfy a separate obligation of the.other spouse.
La.C.C.P. art. 735 states in part:
Either spouse is the proper defendant, during the existence of the marital community, in an action to enforce an obligation against community property....
When only one spouse is sued to enforce an obligation against community property, the other spouse is a necessary party.
La.C.C.P. art. 642 states in part: -
An adjudication of an action may be made even if all necessary parties are not joined....
The present case presents an even stronger scenario than Shel-Boze. In Shel-Boze, the judgment was obtained by default, whereas the judgment sought to be satisfied here was obtained by trial. This assignment is without merit. .
The judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.