KLIEBERT, Judge.
French Market Homestead, FSA, plaintiff, sued Albert Huddleston and his wife, Helene, via ordinaria on a promissory note, signed by both, in the amount of $1,750,000 plus interest, late charges, costs, and attorney fees. The note was alleged to be delinquent and secured by a mortgage on several condo units of the Chateau Village Retail Office Condominium.
When the Huddlestons failed to answer the petition, plaintiff, on January 21, 1988, confirmed a default judgment against both of them in the amount of One Million Seven Hundred Sixteen Thousand Five Hundred Fifty Two and 61/100 ($1,716,552.61) Dollars plus interest thereon at the rate of Six Hundred Thirty Four Dollars and 89/100 ($634.89) Dollars per day from April 1, 1987, until paid, plus accrued late charges as of October 31, 1987, in the amount of Eight Thousand Five Hundred Seventy-Nine Dollars and 28/100 ($8,579.28) Dollars, plus ten (10%) percent attorneys’ fees on all said principal and interest plus all costs of the proceedings. The judgment further recognized and maintained the mortgage on immovable property granted by the Huddlestons.
After judgment was rendered plaintiff sought to execute on it by requesting the issuance of a writ of fieri facias and seizure thereunder of the mortgaged immovable property. Thereafter, both of the Huddlestons petitioned the court to nullify the judgment of January 21, 1988 and requested an injunction to arrest the seizure and sale of the mortgaged immovable property under the writ of fieri facias. Following hearings, the trial court found Mrs. Huddleston was not properly served with the underlying lawsuit and therefore enjoined the seizure and sale of her undivided one-half interest in the immovable property. Further, it dismissed Mr. Huddleston’s request for preliminary injunction, thus allowing the seizure and sale to proceed against his undivided one-half interest in *1081 the immovable property. Mr. Huddleston has neither appealed nor answered the appeal, thus, the denial of his request for a preliminary injunction is final.
On appeal, plaintiff contends the trial court erred in enjoining the seizure and sale of Mrs. Huddleston’s undivided one-half interest in the community property because the judgment on which the writ of fieri facias was based was rendered in a via ordinaria proceeding against the husband on a community obligation, hence, service on him was sufficient to justify the judgment against the community and the seizure of a community asset for its satisfaction. Defendant argues her interest in the property cannot be seized and sold because that portion of the underlying judgment against her on which the sale is based is null for lack of service. Additionally, she argues that since she personally executed the promissory note and is record owner of the property in indivisión with her husband, her concurrence is required to sell the property.
Thus, the issue on appeal is whether a judgment creditor can seize and sell immovable community property to satisfy a community obligation incurred by both when only one spouse has been sued and cast in judgment on the community obligation.
LSA-Civil Code Article 2345 provides as follows:
“A separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation.”
LSA-Code of Civil Procedure Article 735 provides in pertinent part as follows: “[Ejither spouse is the proper defendant, during the existence of the marital community, in an action to enforce an obligation against community property; ...”
It is undisputed that the Huddlestons’ community has not been terminated; the encumbrance is a community obligation executed by both, Mr. and Mrs. Huddleston; and, the property securing the obligation and subject to the seizure and sale is community. Therefore, in our view plaintiff has the right to proceed against either spouse, Code of Civil Procedure Article 735, and seize community property to satisfy the community obligation, C.C. Article 2345. Rayne State Bank and Trust Co. v. Fruge, 546 So.2d 637 (3rd Cir.1989); Shel-Boze, Inc. v. Melton, 509 So.2d 106 (1st Cir.1987). Because Mrs. Huddleston was also an obligor on the note, in order for her separate property to be available to satisfy the obligation plaintiff must proceed to judgment against her. See Lawson v. Lawson, 535 So.2d 851 (2nd Cir.1988); Rayne State Bank and Trust Co., supra.
Mrs. Huddleston argues however that since she is the record owner of the community immovable, in indivisión with her husband, her concurrence is required to sell the property, pursuant to LSA-Civil Code Articles 2336, 2337, 2347 and 2353.[1] We disagree.
*1082 By executing the mortgage on the community immovable, Mrs. Huddleston concurred in the encumbrance of the property. A natural consequence of that encumbrance, after default on the promissory note, is the seizure and sale of the community immovable to satisfy the defaulted community obligation. At that point, a creditor, plaintiff herein, could seize and sell the community immovable to satisfy the community obligation.
A judicial mortgage is an encumbrance imposed by law, thus not subject to the concurrence of a spouse. LSA-Civil Code Article 2347, comment (a); Rayne State Bank and Trust Co., supra; Magee v. Amiss, 502 So.2d 568 (La.1987).
Magee v. Amiss is a case similar to, but distinguishable from the one before us. In Magee, a separated husband incurred a separate obligation which caused a lien to be filed on a community immovable. The public records did not reflect the Magees were separated (community terminated). The lienholder caused the community immovable to be seized and sold to satisfy the separate debt ($1,856) of Mr. Magee. Mrs. Magee sued to protect her interest in the property sold by the sheriff.
In voiding the sale of her interest in the property, the Supreme Court found Mr. Magee acted unlawfully under LSA-Civil Code Article 150, since repealed, in that the facts suggested he was attempting to liquidate his and his wife’s interests in the property without her sharing in the proceeds. Further, as the lien on the community immovable was perfected due to the separate obligation of Mr. Magee, Mrs. Ma-gee did not concur in the encumbrance as required by LSA-Civil Code Article 2347. Because the public records reflected her ownership interest in the property, due process required she be entitled to at least the minimum notice requirement recognized in Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), i.e., “Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interest of any party ...”
In the case at bar, Mrs. Huddleston concurred in the encumbrance (a mortgage) on the property; therefore, there is no violation of Article 2347. A judgment was obtained against one spouse (C.C.P. Article 735) recognizing the community mortgage; thus allowing the community immovable to be seized and sold to satisfy the community obligation. LSA-C.C. Article 2345. Although she was record owner of the property, there was no due process violation because she clearly had notice prior to the sale as evidenced by the fact she sued to and did enjoin the sale before it proceeded. However, this does not mean the sale could not proceed. Under Civil Code Article 2345 and Code of Civil Procedure Article 735, the creditor has the right to satisfy a community obligation out of community property in a suit in which one spouse is named. Rayne State Bank and Trust Co., supra; Shel-Boze, Inc., supra.
For the foregoing reasons, the trial court judgment enjoining the sale of Mrs. Hud-dleston’s interest in the community immovable property is set aside and vacated, and the case remanded to the trial court for further proceedings.
All costs of this appeal are to be borne by Mrs. Huddleston.
GAUDIN, J., dissents with written reasons.
SET ASIDE, VACATED AND REMANDED.

. Civil Code Article 2336 provides as follows:
"Each spouse owns a present undivided one-half interest in the community property. Nevertheless, neither the community nor things of the community may be judicially partitioned prior to the termination of the regime.
During the existence of the community property regime, the spouses may, without court approval, voluntarily partition the community property in whole or in part. In such a case, the things that each spouse acquires are separate property. The partition is effective toward third persons while filed for registry in the manner provided by Article 2332.”
Civil Code Article 2337 provides as follows:
"A spouse may not alienate, encumber, or lease to a third person his undivided interest in the community or in particular things of the community prior to the termination of the regime.”
Civil Code Article 2347 provides as follows:
“The concurrence of both spouses is required for the alienation, encumbrance, or lease of community immovables, furniture or furnishings while located in the family home, all or substantially all of the assets of a community enterprise and movables issued or registered as provided by law in the names of the spouses jointly.”
Civil Code Article 2353 provides as follows:
“When the concurrence of the spouse is required by law, the alienation, encumbrance, or lease of community property by a spouse is relatively null unless the other spouse has renounced the right to concur. Also, the alienation, encumbrance, or lease of the as *1082 sets of a community enterprise by the non-manager spouse is a relative nullity."