593 So.2d 977 (1992)
Sherry HEBERT
v.
Marie UNSER.
No. 91-CA-680.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1992.
*978 Edward J. Rivera, New Orleans, for plaintiff/appellant Sherry Hebert.
William E. Mura, Jr., New Orleans, for defendant/appellee Marie Unser.
Before GRISBAUM, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Appellant, Sherry Hebert, appeals the amount of a judgment awarded to her in a case involving reimbursement of garnished wages. Appellee, Marie Unser, also appeals the judgement. We amend and affirm as amended.
On May 19, 1988 appellee filed suit against Paul Hebert, d/b/a Hebert Builders, for damages and breach of contract regarding repairs and renovations to her home. Paul Hebert's wife at the time, appellant, was not named in the suit. Paul Hebert failed to answer and, after due proceedings, a default judgment was obtained in the amount of $3,722.00 plus interest and court costs. A judgment debtor rule was filed on December 22, 1988 and he failed to appear. On March 16, 1989 appellee filed a rule for contempt and service was made on appellant at the couple's domicile. A motion to continue the contempt hearing was filed by appellee and it was also served on appellant. Appellee filed a supplemental petition for garnishment of appellant's wages. No notice or citation was made on her prior to the garnishment *979 interrogatories being sent to her employer and the actual garnishment. The judgment of garnishment was signed on September 12, 1989 and her wages were thereafter seized according to law.
On October 23, 1989, appellant filed a Petition for Divorce based on living separate and apart. The divorce was granted on November 29, 1989. No notice or recordation of the divorce was entered in the public records or sent to appellee, and appellant did not request the garnishment to cease.
On July 3, 1990, some eight months later, appellant demanded the return of her wages which had been garnished after her petition for divorce was filed. Appellee responded with an offer to return the garnished wages less the Sheriff's commission ($263.49), because of appellant's failure to notify appellee of her divorce in a timely manner. Appellant refused and filed suit on July 31, 1990 for damages for wrongful seizure of wages, deprivation of due process and reimbursement of the wages garnished from the date the divorce was filed.
Appellee filed a Motion for Summary Judgment on February 15, 1991. Appellant filed a Motion for Judgment on the Pleadings on March 18, 1991. The trial judge granted a judgment on the pleadings for appellant in the amount of $2,395.29 on March 18, 1991. On April 30, 1991, the parties filed a Stipulation Of Facts. On May 2, 1991 the trial judge signed a judgment on the Motion for Summary Judgment in favor of the appellant for reimbursement of $2,658.89, denied the request of appellee for legal interest, assessed costs against appellant and denied the request of appellee for a credit for the Sheriff's commission. It is from the judgment of May 2, 1991 that both parties appeal.
On appeal, appellant first complains that the trial judge erred in failing to find that appellee violated her due process rights by proceeding against her without notice of either the suit or the garnishment. Second, appellant asserts the reimbursement was owed from the date the divorce was filed. Third, she contends the trial judge erred in failing to award her legal interest and court costs.
A separate or community obligation may be satisfied during existence of the community regime from community property and the separate property of the spouse incurring the obligation.[1]
The dilatory exception of failure to join a necessary party must be pleaded prior to answer or judgment by default. LSA C.C.P. art. 928. In a suit to enforce a community obligation, where non-joinder of a necessary party may result in an injustice, however, the trial judge may, on its own motion, order joinder of the other spouse. C.C.P. art. 735. This exception was not raised in this case nor was joinder ordered by the trial judge. Thus, either spouse was the proper party-defendant and the adjudication was properly made even without the joinder of appellant. LSA C.C.P. art. 642. Shel-Boze, Inc. v. Melton, 509 So.2d 106 (La.App. 1st Cir.1987).
The due process question was directly addressed by the court in a similar factual case, Shel-Boze. There, as here, the husband incurred the debt, was served with notice of the suit and later defaulted. The wife's wages were garnished without prior judicial notice and she was not served initially with the suit to enforce the obligation. She later obtained a judicial separation and filed suit for wrongful garnishment for the sums taken following the end of community property regime. The court held that there is no violation of the other spouse's due process rights where that spouse is neither named in the action, nor served with notice of the suit or garnishment. The court reasoned that a spouse's acts obligated the community, that he acted in his capacity as manager in accepting service of notice for the community and that community funds were the subject of garnishment. The court pointed out that a *980 better procedure would be to serve both spouses to enforce a community obligation. However, when the spouses reside together, service of prior notice on one alone does not offend the due process rights of the other.
Appellant cites cases in support of her contention, Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) and Magee v. Amiss, 502 So.2d 568 (La.1987). Under LSA C.C.P. arts. 2291 et seq., 2331 et seq., and 2371 et seq., notice to the judgment debtor is a prerequisite to a valid seizure and sale and that notice has been extended to include both spouses involved in the seizure and sale of community property. Rayne State Bank and Trust Co. v. Fruge, 546 So.2d 637 (La.App. 3rd Cir.1989); French Market Homestead v. Huddleston, 579 So.2d 1079 (La.App. 5th Cir.1991). In Rayne State Bank and Trust Co. v. Fruge, and French Market Homestead v. Huddleston, actual notice was shown and no due process violation were found, unlike Mennonite and Magee.
Notice is a requirement for a seizure and sale of immovable property. However, in garnishment cases the debtor is not required to be notified of the garnishment. It is the garnishee-employer who is provided notice.[2] And since either party is the proper party in an action to enforce a community obligation, the wife here was not required to be notified of the suit or garnishment. In addition, while we note that the service of the contempt proceedings against Mr. Hebert does not constitute legal notice as to appellant, we conclude under these facts that she did have actual notice, sufficient to satisfy the requirements of Mennonite. Consequently, we hold the trial judge did not err in rejecting appellant's allegations that her constitutional rights were violated, nor did he err in finding that she was not entitled to damages. La.R.S. 13:4290; Philip Werlein, Ltd. v. Elloie, 566 So.2d 95 (La.App. 4th Cir.1990).
Appellant next contends that she was entitled to reimbursement from date the divorce was filed rather than the date the divorce was granted. We agree since the community terminated as of the date the action for divorce was filed. LSA C.C. art. 159. Contrary to the contention of appellee, this retroactive effect does not prejudice a garnishor's rights since the right to satisfy a community obligation from the community property (LSA C.C. art. 2345) is contingent upon the existence of the community. Shel-Boze, Inc. v. Melton, supra. Once the community is legally ended, the funds of the spouse who did not obligate the community become separate property, no longer subject to garnishment. Shel-Boze, Inc. v. Melton, Id. Thus, we amend the judgment to reflect this change.
Appellant next asserts that she was erroneously deprived of legal interest from the date of judicial demand. We agree. LSA C.C.P. art. 1921 states that the court shall award interest in the judgment as prayed for or as provided by law. Legal interest on actions "ex delicto" attaches from date of judicial demand. La.R.S. 13:4203. Once appellant was required to file suit to enforce her right to reimbursement, R.S. 13:4203 became applicable. Consequently, we amend the judgment to award interest from date of judicial demand.[3]
Finally, appellant contends that the trial judge erroneously assessed costs against her in the trial court judgment. She asserts costs should have been awarded to her since she was the successful litigant. The apportionment of costs in any proceeding is within the discretion of the trial or appellate court. LSA C.C.P. art. 1920; LSA C.C.P. art. 2164. Costs may be assessed against any party whether losing or prevailing in the action. Fanara v. Big Star of Many, Inc., 558 So.2d 316 (La.App. 3rd Cir.1990); Picou v. Hartford Ins. Co., 558 So.2d 787 (La.App. 5th Cir.1990). In *981 order to disturb that assessment, the reviewing court must find an abuse of the trial court's discretion. Fanara v. Big Star of Many, Inc., supra. After our review, we find no abuse of the trial court's discretion in awarding costs to appellee.
Appellee answered the appeal of appellant, alleging that appellant failed to mitigate her damages and thus she is entitled to an offset for the sheriff's costs. In this respect, appellee contends that appellant remained silent for eight months following the termination of the community and allowed the garnishment to continue. The commissions due to the Sheriff's Office continued to increase also. Consequently, appellee contends that appellant should bear the expense of some of these commissions. The duty to mitigate damages requires an injured party to take reasonable steps to minimize damages that are the consequence of the injury. Boehm v. French, 548 So.2d 12 (La.App. 5th Cir. 1989). We find the principle does not apply in this situation. Appellant is not recovering damages which accrue due to some act or omission on her part, which are a consequence of the injury, but is recovering wages earned through the effort of her own labor. Thus, we find the trial judge did not err in rejecting appellee's claim for an offset.
Finally, appellee contends that she is due damages for a frivolous appeal. In order to recover damages for a frivolous appeal, it must clearly appear that the appeal was taken solely for the purpose of delay, or that appellant's counsel did not seriously believe in the legal position asserted. Jones v. Liberty Mut. Ins. Co., 568 So.2d 1091 (La.App. 5th Cir.1990), writ denied 572 So.2d 72 (La.1991). We find the principle inapplicable in this case. Appellant raised several viable issues, some of which we agree with and hold accordingly.
Consequently, for the foregoing reasons, we hereby amend the trial court's judgment to reflect that reimbursement is due to appellant, Sherry Hebert, from appellee, Marie Unser, commencing on October 23, 1989, the date the divorce was filed. We also amend the judgment to order legal interest to be paid to appellant by appellee from the date of appellant's judicial demand for reimbursement, until paid. The judgment of the trial court is hereby affirmed in all other respects.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] LSA C.C.P. art. 735 states that either spouse is the proper defendant during the existence of the marital community in an action to enforce an obligation against community property. The other spouse is only a necessary party. C.C.P. art. 735.
[2] See: La.R.S. 13:3921 et seq.; LSA C.C.P. art. 2411.
[3] We are unable to find any cases involving interest on excessive wage garnishments for guidance herein, but believe this holding follows the spirit of the law.