PETERS, Judge.
This is a suit by J. Michael Price and Pamela Price, husband and wife, against Ralph Slaughter in his capacity as the Secretary of the Louisiana Department of Revenue and Taxation (Department). The plaintiffs seek a judgment establishing the amount of any withholding taxes, sales taxes, interest, or penalties claimed to be due and owing by Concept Computer Center of Calcasieu, Inc. (Concept Computer) and/or J. Michael Price for the period of March 1988 through December 1989. Additionally, the plaintiffs seek judgment for the return of any wages garnished from the salary of Pamela Price, as well as damages and attorney fees. J. Michael Price is the former president and chief executive officer of Concept Computer. Pursuant to La.R.S. 47:1561.1(A), the Department assessed Mr. Price personally for part of the ^corporation’s tax debt.[1] In an attempt to collect these taxes, the Department garnished Pamela Price’s wages.
After trial, the trial court ordered the Department to remove all assessments against Mr. Price for withholding taxes arising after April 1989 and to render an accounting of all collections or receipts of funds from Mr. Price that had been applied to satisfy liability for that period. Additionally, the trial court ordered that the Department reimburse Ms. Price $1,227.44, the amount garnished from her salary. The Department has appealed.
DISCUSSION OF RECORD
Concept Computer became delinquent in its state sales tax obligations, and on September 30, 1988, the corporation and the Department entered into an agreement to pay the taxes on an installment basis. The tax periods covered by the agreement included the months of December 1987 and February, March, May, June, July, and August 1988. Interest through November 4, 1988, was calculated into the total, and the corporation made a down payment of $1,000.00 at the time of the agreement. The balance of $30,441.63 was to be paid in twenty-nine weekly installments of $1,000.00, with the first payment due on October 7, 1988, and the balance to accumulate interest at the rate of fifteen percent per annum from November 4,1988. A total of $31,000.00 was paid under the installment plan. The last payment was made on April 28, 1989. Additionally, on April 27, 1989, all of the assets of Concept Computer were sold to Spindletop Computer *804 Systems of Louisiana Inc., and Concept Computer ceased to exist as a business entity.
|3On July 25, 1990, the Department gave notice to J. Michael Price that pursuant to La.R.S. 47:1561.1(A), he would be held liable for any taxes due as a result of the operation of Concept Computer. Two separate notices were issued, one showing a Louisiana general sales tax balance of $2,408.72 for the periods of March 1988 and July 1988 and the other showing a Louisiana withholding income tax balance of $6,405.14 for the period from September 1988 through April 1989.
On September 19, 1990, the Department addressed to J. Michael Price two separate documents entitled NOTICE OF ASSESSMENT AND NOTICE OF RIGHT TO APPEAL TO THE LOUISIANA BOARD OF TAX APPEALS. One notice concerned the assessment of Louisiana general sales taxes in the amount of $2,358.36 and covered the periods of March 1988 and July 1988. The second notice concerned the assessment of Louisiana withholding income taxes in the amount of $9,787.45 and covered the months of September 1988 and March through December 1989. Each notice contained a warning that the addressee should not ignore the notice, a statement that the assessment would become final in sixty calendar days from the date of the assessment, and a statement that a warrant for distraint would be issued at that time to seize and sell assets belonging to the addressee. The document also provided a description of the procedure which could be used by the addressee to avoid the distraint action.
On November 20, 1990, the Department followed up on the issuance of the assessment notices by issuing a WARRANT FOR DISTRAINT in each case. Both warrants for distraint were addressed to J. Michael Price. The totals due had been adjusted to $2,378.94 for the sales taxes and $9,945.75 for the withholding taxes.
On April 14,1994, the Department issued a NOTICE OF LEVY AND/OR GARNISHMENT to Ms. Price’s employer. The notice listed the amounts due asj4¡13,221.31 for sales taxes due for December 1989 and $2,589.94 for sales taxes due for July 1988. Ms. Price received no notice of the garnishment until she received her paycheck. By the time of trial, a total of $1,227.44 in wages had been garnished from Ms. Price’s paychecks. Cheryl Kees, a revenue accounts auditor for the Department, testified that she had no explanation for the sales tax garnishment of Ms. Price for the amount owed for December of 1989. However, it appears that the larger amount represents unpaid withholding taxes rather than sales taxes, as it corresponds to the amount claimed in the warrant for dis-traint of November 20, 1990.
A trial was held on November 9, 1994. At trial, Ms. Kees testified that the Department records indicated that Mr. Price still owed $21.20 for unpaid sales taxes for March 1988 and $1,843.97 for unpaid sales taxes for July 1988. There was no explanation as to how the amount claimed in the November 20, 1990 warrant for distraint ($2,378.94) had been reduced. Additionally, the March and July 1988 sales tax obligations had been included in the installment agreement of September 30, 1988, and there was no explanation as to how the $31,000.00 paid on that obligation had been credited.
Concerning the withholding taxes, Mr. Price does not dispute his liability for the third quarter of 1988 and the first quarter of 1989, although he does contest the amount of the tax for the first quarter of 1989. He does dispute the Department’s assessment for the second, third, and fourth quarters of 1989 and contends that Concept Computer had no employees after April 27, 1989.
Additionally, according to Mr. Price, he and his attorney visited a Mr. Charles Schneider, apparently a Department representative, and asked Mr. Schneider to account for the payments received against the claims made by the Department. According to Mr. Price, Mr. Schneider did not produce such an accounting.
IsOPINION

Assessment of Taxes

The Department contends that the Prices have no cause or right of action to proceed against the Department because they did not exercise the predeprivation rem *805 edies provided to them by law. The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts pleaded. Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234 (La.1993). On the other hand, the exception of no right of action is a threshold device that questions whether the litigant has any interest in enforcing the right asserted. Trahan v. McManus, 94—167 (La.App. 3 Cir. 3/22/95); 653 So.2d 89, writ denied, 95-1018 (La. 6/2/95); 654 So.2d 1112.
La.R.S. 47:1561 authorizes the Collector to proceed to enforce the collection of taxes through the procedures of (1) assessment and distraint, (2) summary court proceeding, or (3) ordinary suit. That statute also provides that the counter-remedies and delays to which the taxpayer is entitled are only those which are not inconsistent with the proceedings initiated by the Collector. In the instant case, the Department chose to enforce the collection of the taxes through assessment and distraint.
Whenever a taxpayer is aggrieved by an assessment made by the Collector, he may appeal to the Board of Tax Appeals for a redetermination of the assessment by filing a petition with the Board within sixty calendar days from the date of the notice of the assessment. La.R.S. 47:1431; La.R.S. 47:1565. After a decision or judgment of the Board, the taxpayer may file a petition with the district court for review of the decision or judgment within thirty calendar days. La. R.S. 47:1434. Where the taxpayer has not filed an appeal with the Board of Tax Appeals within the sixty-day period, the assessment is final and collectible by distraint and sale. La.R.S. 1647:1565(B). However, an assessment made by the Secretary of the Department shall not be final if it is determined that the assessment was based on an error of fact or law, but the determination of an error of fact or law under this subsection may only be made by the Secretary. La.R.S. 47:1565(0(1) and (2).
Alternatively, a taxpayer who protests the payment of any amount found due by the Department is entitled to pay the tax under protest and file suit to recover the tax. La. R.S. 47:1576. Payment under protest is not available to a taxpayer after he has filed a petition with the Board of Tax Appeals for a redetermination of an assessment, when an assessment for the tax has become final, or when a suit involving the same tax obligation is pending against him. La.R.S. 47:1561.
In the instant case, the notices of assessment were issued on September 19, 1990. The notices informed the Prices of the amount assessed and the periods of the assessments. Indeed, the notice of assessment for withholding taxes clearly showed that Mr. Price was assessed for a period after which he claims the business was sold and no longer had employees. However, the Prices did not appeal to the Board of Tax Appeals for a redetermination or make payment under protest and file suit for recovery. Rather, the Prices brought this suit in district court over four years after the notices of assessment were issued. Thus, because Mr. Price did not appeal the assessment to the Board of Tax Appeals or make payment under protest, the Prices have no right of action to challenge and the district court did not have subject matter jurisdiction to review in the district court the Department’s assessments.
The trial court cited Ortlieb Press, Inc. v. Mouton, 268 So.2d 85 (La.App. 1 Cir.), writ refused, 263 La. 990, 270 So.2d 124 (1972) for the proposition that a “final” assessment does not mean that the assessment is non-reviewable or nonappealable. The trial court found that precluding judicial review of a final assessment violates | vLouisiana’s constitutional guarantee of access to courts. The court cited Ogburn v. City of Shreveport, 614 So.2d 748 (La.App. 2 Cir.), writ denied, 619 So.2d 547 (La.1993) for the proposition that the right to judicial review of an administrative decision is part of the constitutional right to due process and cannot be denied by statute. The trial court concluded that the legislature did not intend to prevent all judicial review after sixty days from issuance of the assessment.
Ortlieb involved the issue of whether a plaintiff was precluded from making payment under protest and filing suit for recovery after an assessment had become final. The court in that case held that the plaintiff was *806 not precluded from seeking relief under that procedural vehicle even though the assessment had become final. However, the court relied on former La.R.S. 47:1561 which was silent on the issue. Present La.R.S. 47:1561, as amended by Acts 1972, No. 566, § 1, specifically provides that a taxpayer may not proceed under the payment-under-protest device when an assessment for the tax has become final.
Additionally, the court in Loe v. McNamara, 501 So.2d 298 (La.App. 1 Cir.1986), writ denied, 503 So.2d 480 (La.1987) held that procedural due process requirements were completely satisfied by an administrative agency appeal to the Board of Tax Appeals coupled with the right to review by the district court of an adverse decision of the Board and the right to appeal an adverse decision of the district court to the appellate courts. That court also held that the statutory scheme providing for payment under protest with suit for refund satisfied constitutional and federal requirements.
Thus, we reverse that portion of the trial court’s judgment which annulled current sales tax assessments against the plaintiffs and which ordered the Department to remove all assessments for withholding taxes for the period after April 1989 andjgto render an accounting of those taxes.

Garnishment

However, we find that the plaintiffs properly instituted suit in district court on the garnishment issue. As stated in Boeing Co. v. Louisiana Dep’t of Economic Dev., 94—0971, p. 8 (La.App. 1 Cir. 6/23/95), 657 So.2d 652, 657,
[t]he right to judicial scrutiny exists when there is a claim of deprivation of a constitutionally protected right or the assertion that agency action exceeds constitutional authority. The right to judicial scrutiny also exists to determine if actions of administrative agencies are in excess of their legislative grant of authority.
Ms. Price’s wages were garnished to satisfy Mr. Price’s sales tax obligation from the community property. La.Civ.Code art. 2345 provides:
A separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation.
La.R.S. 47:1569 provides that the Collector may proceed to enforce by distraint and sale the collection of any tax, penalty, and interest assessed against a taxpayer who fails to pay such tax, penalty, and interest. Additionally, La.R.S. 47:1570 provides in part:
The words “distraint” or “distrain” as used in this Sub-title, shall be construed to mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, of any property or rights to property of the taxpayer including ... wages ... for the purpose of satisfying any assessment of tax, penalty or interest due under the provisions of this Sub-title.
We conclude that under the foregoing provisions, Mr. Price’s tax liability could be satisfied through the community property of his wife’s wages. We reject the plaintiffs’ assertion that Mr. Price was not a “taxpayer” within the meaning of La.R.S. 47:2(4) such that the Department did not have the authority to exercise its powers of assessment and collection against him. The officer-director liability statute, La.R.S. 47:1561.1(A), specifically provides that collection of the total amount | gdue may be made by use of any of the alternative remedies for collection of taxes as provided in La.R.S. 47:1561, which includes assessment and distraint.
It is not disputed that Ms. Price did not receive notice of the garnishment until she received her paycheck reflecting the garnishment. Shel—Boze, Inc. v. Melton, 509 So.2d 106 (La.App. 1 Cir.1987) involved garnishment of a wife’s wages to satisfy an obligation incurred by her husband during the existence of the community property regime. In that case, the husband was served with process at the residence he shared with his wife but failed to answer, and a default judgment was rendered against him. The creditor filed a petition for garnishment of the wife’s wages, but the wife was not served with prior judicial notice of the garnishment. The court rejected the wife’s argument that the failure to serve her individually with *807 prior notice of the original judgment or the garnishment proceedings deprived her of her procedural due process rights. The court held that where the spouses reside together at the time, service of prior notice on one spouse alone does not offend the due process rights of the other concerning the enforcement of an obligation against community property.
In Hebert v. Unser, 593 So.2d 977 (La.App. 5 Cir.1992), as in Shel—Boze, the husband incurred the debt, was served with notice of the suit, and later defaulted. No notice or citation was made on the wife prior to the garnishment of her wages. The court reasoned that since either party is the proper party in an action to enforce a community obligation, the wife did not have to be notified of the suit or garnishment. In any event, the court found that the wife had actual notice. The court distinguished Ma-gee v. Amiss, 502 So.2d 568 (La.1987), in which the court held that a wife’s due process rights were violated by the lack of notice of alienation through judicial sale of a community immovable. Specifically, the Hebert court noted that under La.Code Civ.P. arts. 2291 et seq., 2331 et seq., and 2371 et seq., notice to the judgment debtor | mis a prerequisite to a valid seizure and sale and that jurisprudence had extended this notice to include both spouses involved in the seizure and sale of community property; on the other hand, in garnishment cases the debtor is not required to be notified of the garnishment but only the garnishee-employer is provided notice, see La.Code Civ.P. arts. 2411-2412 and La.R.S. 13:3923.
Thus, we hold that Ms. Price was not entitled to notice of the garnishment of the taxes assessed to Mr. Price. However, we note that the garnishment included sales tax liability for December 1989. The record does not reveal that Mr. Price was ever assessed for sales taxes for that period. As set forth above, under La.R.S. 47:1569, the Collector may proceed to enforce by distraint the collection of a tax assessed against a taxpayer. Since Mr. Price was never assessed for sales taxes for that period, the Department violated the plaintiffs’ due process rights by seizing the property without prior notice.
To the extent that the garnished wages were applied to sales tax liability for December 1989, the wages were erroneously paid into the State Treasury. La.R.S. 47:1481 provides that any person who has a claim against the state for money erroneously paid into the treasury may present such claim to the Board of Tax Appeals for the Board to pass thereon. Additionally, the Board of Tax Appeals has the authority to grant refunds even when the provisions of La.R.S. 47:1576, the payment-under-protest statute, have not been followed. Sperry Rand Corp. v. Collector of Revenue, 376 So.2d 505 (La.App. 1 Cir.), writ denied, 376 So.2d 156 (La.1979). Laws regulating the collection of taxes are sui generis. Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697 (La.1993). Therefore, we find that we do not have the authority to order reimbursement of any erroneously paid funds. The plaintiffs also seek damages and attorney fees for the wrongful issuance | nof the garnishment. Since collection of taxes is sui generis and we have found no such remedy under the tax laws, we are without authority to award these items.
DISPOSITION
For the foregoing reasons, we reverse the judgment of the trial court. We assess costs of this appeal to the Prices.
REVERSED.

. La.R.S. 47:1561.1(A) authorizes the Department to hold officers or directors of a corporation personally liable for the taxes, penalties, interest, and fees when the officers or directors have direct control or supervision of the taxes or are charged with the responsibility of filing the returns and remitting the taxes and willfully fail to remit or account for such taxes withheld or collected.