517 So.2d 278 (1987)
MOBIL OIL CORPORATION/THE SUPERIOR OIL COMPANY
v.
Shirley McNAMARA, Secretary Department of Revenue and Taxation, State of Louisiana.
No. CA 86 1075.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Marcel Garsaud, Jr., New Orleans, for Mobil Oil Corp.
James C. Russell, Jr., Baton Rouge, for Shirley McNamara, etc.
Before WATKINS, CARTER and CHIASSON,[*] JJ.
CHIASSON, Judge.
This is an appeal from a summary judgment in favor of plaintiff-appellee, Mobil *279 Oil Corporation/The Superior Oil Company (Mobil/Superior).
This suit arises out of an assessment by the defendant-appellant, the Louisiana Department of Revenue and Taxation (the Department), against Mobil/Superior for use tax allegedly due for the period of January 1, 1978 through June 30, 1983, in the amount of $296,405.47 plus interest. The assessment was the result of an audit by the Department which resulted in an original assessment for the period in question in the amount of $1,771,613.60. Superior paid $788,613.11 of this amount, leaving a balance of $983,000.49 in dispute. The amount in dispute related to three specific issues; however, at an audit conference on January 9, 1985, two of the issues were resolved, leaving only the assessment at issue in this case ($296,405.47 plus interest accrued to date of assessment of $169,252.69 for a total of $465,658.16) in dispute.
The assessment represents three percent (3%) state use tax on tubular pipe worth $9,880,182.12 which Mobil/Superior had purchased in tax exempt transactions for use offshore in federal waters. Due to the downturn of the oil and gas industry, the pipe was no longer needed for such use and a decision or election was made to sell the pipe to others. The Department construed the decision or election to remove the pipe from storage for sale as a taxable incident or event.
The Department, in its motion in opposition to summary judgment stated that:
Routinely, Mobil Oil Corporation/The Superior Oil Company remove these items from inventory and send them to places that may be considered outside the jurisdiction of the State of Louisiana for taxing purposes. The moment these units are removed from inventory, and prior to shipment outside the jurisdiction of the State of Louisiana, the use tax as described in LSA-R.S. 47:301(19) attaches, because of accounting procedures used.
The Department also claimed that this procedure violated the "exclusive use" criteria of LSA-R.S. 47:305.10.
On June 17, 1985, Mobil/Superior advised the Department by letter that it would pay the disputed tax under protest and file suit for a refund in conformity with the provisions of LSA-R.S. 47:1576. Mobil/Superior paid the disputed tax and interest, under protest, by check dated June 17, 1985.
After the Department answered Mobil/Superior's petition, Mobil/Superior moved for summary judgment pursuant to LSA-C.C.P. art. 966 arguing that no issue of material fact existed and that it was entitled to judgment as a matter of law. The trial court granted plaintiff's motion for summary judgment and the Department has taken this suspensive appeal from this judgment.

ASSIGNMENT OF ERROR
Appellant contends that the trial court erred in granting plaintiff-appellee's motion for summary judgment. LSA-C.C.P. art. 966(B) states in pertinent part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law."
A thorough review of the pleadings and affidavits reveals no genuine issue of material fact. The piping was removed from inventory to be sold outside of the Department's jurisdiction. The mere decision to remove the pipe from Mobil/Superior's inventory is not a taxable event.
As a matter of law, the exemption mandated by statute for tubular goods for use offshore is found in LSA-R.S. 47:305.4 which states in pertinent part: "The sales tax does not apply to casing, drill pipe and tubing sold in Louisiana, for use offshore beyond the territorial limits of the state for the production of oil, gas, sulphur and other minerals." Unlike R.S. 47:305(10), there is no "exclusive use" criteria in R.S. 47:305.4. Thus a "use" other than offshore of these tubular goods is not necessarily taxable. It must be judged on the nature of the "use." It is only those transactions which result in the ultimate use in this state of tangible property that are taxable.
*280 La.R.S. 47:305.5. The election to take out of storage and sell is not a transaction to which a use tax applies. No activity has occurred relative to the pipe, but only a management decision. There is no affirmative statutory authority for this tax. See McNamara v. U.O.P., Inc., 389 So.2d 741 (La.App.2d Cir.1980); Dow Chemical Company v. Traigle, 336 So.2d 285 (La.App.1st Cir.1976) writ refused, 339 So.2d 845 (La. 1976). This assignment of error is without merit.

DECREE
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.