647 So.2d 341 (1994)
COMDISCO, INC.
v.
SECRETARY OF the LOUISIANA DEPARTMENT OF REVENUE AND TAXATION.
No. 93 CA 1695.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
Rehearing Denied December 27, 1994.
*342 Geneva Landrum, Baton Rouge, for defendant-appellee.
Alex Trostorff, New Orleans, for plaintiff-appellant.
Riley F. Boudreaux, Jr., Baton Rouge, for Tax Authorities of the Parish of West Baton Rouge, amicus curiae.
Before LOTTINGER, C.J., WATKINS, SHORTESS, GONZALES and FOGG, JJ.
SHORTESS, Judge.
This is an appeal from a Louisiana use tax assessment for an airplane being leased to Entergy Services, Inc. (Entergy), by Comdisco, Inc. (Comdisco).[1] The record and the facts as stipulated by the parties bear out the following chronology of events:
Comdisco purchased a Cessna/Citation III airplane in Wichita, Kansas, in December 1986 and contemporaneously leased it to Entergy. The airplane was sent to another state to add instrumentation, then brought to Louisiana in April 1987.
In July 1989, the Louisiana Department of Revenue and Taxation (the Department) notified Comdisco that, as owner of tangible personal property being leased within Louisiana, the airplane was subject to the use tax. The Department requested that Comdisco complete and return an attached questionnaire within fifteen days calculating the tax or verifying the tax had been paid. In late August 1989, the Department again wrote to Comdisco. Referring to its previous letter, the Department stated it had received no response and again requested that Comdisco fill out the attached questionnaire within fifteen days. In October 1989, the Department received a letter from Comdisco in response to the Department's July letter referencing Entergy's position that the airplane was not subject to tax because it qualified for the interstate commerce exception.[2] Comdisco still had not complied with the state's request to fill out the questionnaire. A proposed assessment was issued November 3, 1989, which stated the taxable period as "December 1986." In December 1989, the Department outlined its position that Comdisco owed the tax because it leased the property for use in this state, provided the tax had not been paid to another state.
Comdisco responded by letter in January 1990 that it was confused by the Department's December letter because it did not address Comdisco's position that the property was exempt under the interstate commerce exception.[3] A final Notice of Assessment was issued February 24, 1990, stating a taxable period of December 1986.[4] The Department responded by letter dated March 15, 1990, that it did not agree with the arguments *343 presented by Entergy's legal counsel and reiterated that Comdisco had sixty days from the notice date to petition for a redetermination.
Comdisco filed a petition for redetermination of assessment with the State Board of Tax Appeals (the Board) on June 18, 1990. The petition acknowledges the airplane was purchased in December 1986 and contests the assessment, alleging that the property had not come to rest in Louisiana during the stated tax period and that the tax was prohibited as a tax on "bona fide interstate commerce." This is the first indication in the record of Comdisco's position that the stated tax period was inaccurate.
After a hearing on June 19, 1991, the Board upheld the assessment. Comdisco appealed,[5] and the trial court affirmed the decision of the Board. Judicial review of a decision of the Board is rendered upon the record as made up before the Board and is limited to facts on the record and questions of law. See LSA-R.S. 47:1434; Louisiana Power & Light Co. v. McNamara, 550 So.2d 1345, 1347 (La.App. 1st Cir.1989), writ denied, 559 So.2d 120 (La.1990). The Board's findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless they are manifestly erroneous in view of the evidence in the entire record. Id. With regard to questions of law, the judgment of the Board should be affirmed if the Board has correctly applied the law and has adhered to the correct procedural standards. Id., citing Collector of Revenue v. Murphy Oil Corp., 351 So.2d 1234, 1236 (La.App. 4th Cir.1977).
The Department is authorized by Louisiana Revised Statute 47:1562 to determine the tax, penalty, and interest due "by estimate or otherwise," when a report or return is not filed by the taxpayer or does not correctly compute the liability of the taxpayer.[6]
The record shows the Department requested information necessary to accurately issue a proper assessment notice as early as July 1989. The Department issued questionnaires requesting information twice before December 1989 and issued a proposed assessment in November 1989.[7] The paperwork sent to Comdisco specifically requested the date the property was brought into the state, but Comdisco never responded to the questionnaire before the as assessment.[8]
The only fact the Department had at the time the assessment was issued was that the plane had been purchased by Comdisco and leased to Entergy for use in this state in December 1986. Making the reasonable assumption that the property also arrived in *344 the state at this time and being aware of the three-year prescription on assessing the use tax, the Department was required to estimate the date the airplane was brought into the state. Mary Mhire, in the Sales Tax Division, testified the Department did not seek a waiver of prescription because "we couldn't get the facts and we didn't figure we would get a waiver either. We were running out of time."
At no time prior to the final assessment did Comdisco bring the inaccuracy of the assessment date to the Department's attention. Revised Statute 47:1563 provides fifteen days from the date of an assessment issued pursuant to Revised Statute 47:1562 for the taxpayer to protest. This protest must be in writing and disclose substantiated reasons for protest. The Department at this point can consider the protest and change, modify, or cancel the assessment. Comdisco was corresponding with the Department concerning the assessment when the proposed assessment was issued in November 1989, but the date was never raised as an issue.
The Department did not just randomly select a date with no basis to justify its selection. The date used was the month and year the airplane was purchased and leased to a Louisiana business. The Department clearly revealed this was the only information it had. Comdisco knew the Department was relying on this information and never gave the Department any reason to question its reasonable assumption that the property also came into this state at that time.
Pursuant to Revised Statute 47:1562, the Department was authorized to estimate the tax due. Because estimating the tax due requires stating a taxable period, the Department was implicitly authorized pursuant to this section to estimate that date.[9]
Comdisco also claims the airplane is exempt from taxation by Revised Statute 47:305 E, the interstate commerce exception.
The substance of a transaction, not its form, is controlling for purposes of classifying a transaction as taxable or not. Reed v. City of New Orleans, 593 So.2d 368, 371 (La.1992); St. Gabriel Indus. Enters. v. Broussard, 602 So.2d 1087, 1088 (La.App. 1st Cir.1992).
In this case, the use being taxed is Comdisco's act of bringing its property here for purposes of leasing it to Entergy. The lessee's subsequent use of the airplane is not being taxed. This is not a charge for engaging in interstate commerce. It is not aimed by indirection against interstate commerce or measured by such commerce. Nor is it assessed against a piece of property which has been continuously outside the state during the whole tax year and has acquired a permanent location elsewhere.
Comdisco avoided paying the sales tax on the airplane in the state of purchase on the grounds it was leaving the state and would be subjected to tax by the state of its domicile. Now Comdisco seeks to avoid taxation by Louisiana, its domicile state, on the grounds it is being used in interstate commerce by Entergy.
This airplane does not receive permanent protection from any other state. Louisiana has the power to tax because it is the state of domicile and no other state is. Northwest Airlines v. Minnesota, 322 U.S. 292, 297, 64 S.Ct. 950, 953, 88 L.Ed. 1283 (1944). Not to subject this property to taxation here "would free such floating property from taxation everywhere." Id. at 300, 64 S.Ct. at 955.
Neither the Board of Tax Appeals, nor the trial court committed legal error or manifest factual error in affirming the assessment of this tax. The judgment of the trial court is affirmed.
AFFIRMED.
FOGG, J., dissents for reasons assigned.
FOGG, Judge, dissenting.
I respectfully dissent. The majority opinion relies on a finding that, pursuant to La. *345 R.S. 47:1562, the Department has the authority to estimate the taxable period when issuing an assessment. La.R.S. 47:1562 provides, in pertinent part, as follows: "If a taxpayer fails to make and file any return or report required by the provisions of this Sub-title, or if the return or report made and filed does not correctly compute the liability of said taxpayer, the collector shall cause an audit, investigation or examination to be made to determine the tax, penalty and interest due, or he shall determine the tax, penalty and interest due by estimate or otherwise." The majority reasons that "[b]ecause estimating the tax due requires stating a taxable period, the Department was implicitly authorized pursuant to this section to estimate that date." This interpretation is not supported by the language of the statute itself. The language of La.R.S. 47:1562 is clear and unambiguous. Therefore, the law must be applied as written and no further interpretation may be made in search of the intent of the legislature. La.C.C. art. 9; State Licensing Board for Contractors v. Louisiana State Department of Agriculture and Forestry, 588 So.2d 1268 (La.App. 1st Cir.1991); Colwell v. State, Office of Attorney General of Louisiana, Department of Justice, 506 So.2d 941 (La.App. 1st Cir.), writ denied, 508 So.2d 89 (La.1987).
The Department assessed Comdisco for a use tax pursuant to La.R.S. 47:302(A)(2). La.R.S. 47:1561 sets forth the avenues by which the Department may, in its discretion, proceed to enforce the collection of this tax: assessment, summary court proceedings, and ordinary suit. In the instant case, the Department chose to use the assessment procedure. La.R.S. 47:1564 provides that the assessment of the tax must "be evidenced by a writing in any form suitable to the collector, which sets forth the name of the taxpayer, the amount determined to be due, the kind of tax, and the taxable period for which it is due."[1] The assessment by the Department must be followed by a written notice to the taxpayer, informing the taxpayer of the assessment and that he has sixty calendar days from the date of the assessment to either pay the amount of the assessment or to appeal to the Board of Tax Appeals for a redetermination of the assessment. La.R.S. 47:1565. La.R.S. 47:1407 states that the jurisdiction of the Board of Tax Appeals extends to "[a]ll matters relating to appeals for the redetermination of assessments...." The issuance of the assessment, therefore, is critical to the exercise of the jurisdiction of the Board of Tax Appeals and that jurisdiction is limited by the terms of the assessment. In the instant case, the assessment sets forth the taxable period as "December, 1986." Thus, only those transactions for which taxes would have been due during the month of December, 1986 are covered by the assessment, and only such transactions are subject to review by the Board of Tax Appeals.
There is no evidence in the record to support a finding that taxes were due by Comdisco in December, 1986. Rather, the evidence shows that Comdisco may have incurred use taxes in April, 1987, the time the airplane was first brought into Louisiana.
The Department argues that, when the assessment was issued, it was prevented from more correctly determining the date the tax was due by Comdisco's failure to timely provide precise information to the Department concerning the date the airplane first entered Louisiana. It argues that the December, 1986 assessment is adequate to tax Comdisco's use of the airplane in this state. There is no merit to this argument. The Department could have issued the assessment for a longer period of time than the month of December, 1986, thereby eliminating the need to more accurately determine the period during which the tax was arguably due. Additionally, the Department could have used procedures, other than assessment, to preserve the right of the State of Louisiana to enforce the collection of this tax. Specifically, as noted above, the Department could have filed an ordinary or summary suit against Comdisco. La.R.S. 47:1561. In choosing to use an assessment to assert that a tax is due, the Department controlled the time periods that could be reviewed by the *346 Board of Tax Appeals. The assessment for December, 1986 gave the Board of Tax Appeals jurisdiction only for transactions for which tax was due in December, 1986.
The use tax in connection with Comdisco's use of the airplane in Louisiana could not have been due prior to April, 1987, the first time the plane entered this state; the stipulations and evidence do not show that any tax is due for the taxable period of December, 1986. Therefore, the Board of Tax Appeals erred in maintaining the assessment.
Finally, I question the majority's reliance upon Northwest Airlines v. Minnesota, 322 U.S. 292, 64 S.Ct. 950, 88 L.Ed. 1283 (1944) to support the levy of a tax upon Comdisco's use of this airplane. See Complete Auto Transit v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977).
NOTES
[1] Comdisco is incorporated under the laws of Delaware and domiciled in Illinois.
[2] Entergy's general tax counsel outlined its legal interpretation of the application of the use tax to the airplane in a letter written to Comdisco in August 1989. A copy of this letter was attached to Comdisco's October letter to the Department.
[3] The letter also stated that Comdisco, to date, had not received a notice of assessment or demand for payment of any specific amount of tax. However, a prior letter from Comdisco to the Department specifically acknowledges receipt of the November 1989 proposed assessment.
[4] The final notice assessed the tax due based on the cost of the airplane. The tax due was assessed at $160,000.00, with $67,824.00 in interest and a delinquent penalty of $40,000.00, for a total of $267,824.00.
[5] Plaintiff filed a "Petition to Review Decision of Board of Tax Appeals" naming the Secretary of the Louisiana Department of Revenue and Taxation as defendant.
[6] § 1562. Determination and notice of tax due

If a taxpayer fails to make and file any return or report required by the provisions of this Subtitle, or if the return or report made and filed does not correctly compute the liability of said taxpayer, the collector shall cause an audit, investigation or examination to be made to determine the tax, penalty and interest due, or he shall determine the tax, penalty or interest due by estimate or otherwise. Having determined the amount of tax, penalty and interest due, the collector shall send by mail a notice to the taxpayer at the address given in the last report filed by him pursuant to the provisions of the Chapter governing the tax involved, or if no report has been filed, to any address that may be obtainable, setting out his determination and informing the person of his purpose to assess the amount so determined against him after fifteen calendar days from the date of the notice.
[7] Mary Mhire, who corresponded on behalf of the Department with Comdisco, testified she sent the questionnaire three times. The Joint Stipulation of Facts filed in the trial court reflects only two letters with the attached questionnaire. Nevertheless, Mhire's testimony was not rebutted.
[8] The questionnaire requests the taxpayer to "CHECK AND COMPLETE NO. 1 (including a, b, c, or d) OR NO. 2." Comdisco corresponded with the Department but never returned the questionnaire prior to assessment. The record shows that the questionnaire was completed February 25, 1991, and that it was completed improperly. Comdisco provided information in question number one concerning the sale date, but left empty the questions about where and when a tax already had been paid or when the property was brought into the state. To question number two, the response stated "SEE ATTACHED TAX PROTEST AND PETITION."
[9] We also note the estimated date does not prejudice Comdisco. The tax was computed based on the value of the plane, not the time period stated. The trial court ordered that Comdisco not be assessed penalties and interest for any time during which the airplane was not actually in the state.
[1] Under the majority opinion, the Department can estimate not only "the amount determined to be due" but also the "taxable period for which it is due." I find nothing in La.R.S. 47:1562 to support this conclusion.