JiDECUIR, Judge.
The Department of Revenue and Taxation, State of Louisiana, appeals the judgment of the district court affirming the judgment of the Louisiana Board of Tax Appeals in favor of plaintiffs, Pumpkin Air, Inc. in the amount of $15,386.42 and in favor of Offshore Logistics, Inc. in the amount of $428,233.38.
The following facts are undisputed. Pumpkin Air and Offshore Logistics are affiliated corporations domiciled in Lafayette Parish, Louisiana, engaged in the business of transporting personnel and supplies both intrastate and from points in Louisiana to points on the Outer Continental Shelf, beyond the three-mile limit of Louisiana, but within federal waters. The destinations of these flights are offshore oil rigs, the majority of which are located outside the three-mile territorial limit of the State of Louisiana. Appellees either lease or purchase helicopters to provide ^transportation to customers. The taxes at issue are sales/use taxes on these purchases and lease payments, and also on sales tax paid to vendors for purchases of supplies and materials consumed in the operation of the helicopters.
Pumpkin made an election under La.R.S. 47:306.1 to apportion sales taxes paid to reflect only intrastate miles travelled in transporting persons and equipment offshore. In 1981, Pumpkin apportioned its intrastate mileage factor at fifteen (15%) percent for purposes of La.R.S. 47:306.1 and paid sales tax on fifteen (15%) percent of all purchases/leases. In 1991, Pumpkin changed this calculation from fifteen (15%) percent to three (3%) percent maintaining that initially it mistakenly calculated the La.R.S. 47:306.1 exemption in that only three (3%) percent of its flights are intrastate for test flight maintenance, as opposed to fifteen (15%) percent. Appellees claimed a refund for the years 1981 through 1991, by a petition to recover money erroneously paid into the treasury of the State of Louisiana. Appellant filed an exception of prescription.
The Board of Tax Appeals upheld appellant’s exception of prescription as to the years 1981 through 1987. The Board also ruled that appellees should be allowed to change the La.R.S. 47:306.1 election from fifteen (15%) percent to three (3%) percent. The district court affirmed the judgment of the Board. Appellant’s assignment of errors are at best confusing.
First, appellant apparently contends that the Board of Tax Appeals erred in granting the refund payment under La.R.S. 47:1621, when appellees’ claim is a claim against the state under La.R.S. 47:1481. Appellant provides no legal authority in support of this argument and fails to state the reason it claims this is error. La.R.S. 47:1481 provides:
Any person who has a claim against the State of Louisiana for money erroneously paid into the State Treasury, or for any other claim, may |3present such claim to the board of tax appeals, in such form and together with such proofs as the board of tax appeals may require by its rules and regulations. The board shall duly examine into the justice, merits and correctness of each such claim presented to it, and shall officially pass thereon.
La.R.S. 47:1621 provides in pertinent part:
A. For the purpose of this chapter, “overpayment” means a payment of tax ... when none is due, or the excess of the amount of tax ... provided that the power of the collector to refund overpayments shall be as prescribed and limited in this section.
B. The secretary shall make a refund of each overpayment where it is determined that:
(1) The tax was overpaid because of an error on the part of the taxpayer in mathematical computation.
(2) The tax was overpaid because of a construction of the law on the part of the taxpayer contrary to the secretary’s con *1133 struction of the law at the time of payment.
* * ⅜ ⅝ * ⅜
From our reading of the two statutes and jurisprudence interpreting La.R.S. 47:1481, et seq., if taxes have been paid by the claimant voluntarily and without protest, the Board is vested with the authority to approve a refund of taxes. Convent Marine Companies v. State, 603 So.2d 790 (La.App. 1 Cir.1992); Sperry Rand Corp. v. Collector of Revenue, 376 So.2d 505 (La.App. 1 Cir.), writ denied 376 So.2d 156 (La.1979). We fail to see any conflict in the two statutes and fail to see what effect proceeding under one statute rather than the other would have on the outcome of this case.
Appellant next argues that the Board erred in allowing appellees to change the La.R.S. 47:306.1 election in that the Board erroneously found that only three (3%) percent of appellees’ activities involve intrastate rather than interstate travel. The Board’s findings of fact should be accepted where there is substantial evidence in the record to support the findings, and its findings should not be set aside absent manifest |4error in view of the evidence in the entire record. See La.R.S. 47:1434; Comdisco v. Secretary of Rev. & Taxation, 93-1695 (La.App. 1 Cir. 10/7/94), 647 So.2d 341, writ denied 95-257 (La.3/30/95), 651 So.2d 837, overruled on other grounds Tigator, Inc. v. West Baton Rouge Police Jury, 94-1771, 94-1772 (La.App. 1 Cir. 5/5/95), 657 So.2d 221, writ denied 95-2126 (La.11/17/95), 663 So.2d 712. La.R.S. 47:305.1 provides an exemption from sales tax for transactions involving interstate commerce. We find no manifest error. The record reflects testimony by Melody Dubus, tax manager for appellees, that intrastate flight makes up only three (3%) percent of appellees’ total flight hours. In fact, Kurt Van Brocklin, audit manager for the Department of Revenue and Taxation, testified that:
... I agree that they are in interstate commerce, but there is a provision in the law, and they did not get taxed 100% of their purchases, they got taxed, in their ease, roughly 15%. They made that election under the law and I feel that that is what they owe ...
Finally, the appellant apparently argues in the alternative that the La.R.S. 47:306.1 election is a contract, which cannot be altered without consent of the Department of Revenue and Taxation. Appellant provides this court with no legal authority in support of its argument in this respect nor do we find any.
The judgments of the Board of Tax Appeals and the district court are affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.