767 So.2d 937 (2000)
The SHAW GROUP, INC.
v.
John H. KENNEDY, Secretary Department of Revenue, State of Louisiana.
No. 99 CA 1871.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*938 Jeanne C. Comeaux, Baton Rouge, Counsel for Plaintiff-Appellee the Shaw Group, Inc.
Frederick Mulhearn, Geneva Landrum, Baton Rouge, Counsel for Defendant-Appellant the Department of Revenue for State of Louisiana.
Before: PARRO, GUIDRY, and GANUCHEAU[1], JJ.
GANUCHEAU, J.
The defendant, The Department of Revenue for the State of Louisiana (Department), appeals the trial court judgment which granted summary judgment in favor of the plaintiff, The Shaw Group, Inc. (Shaw) That judgment abated the Department's tax assessment against Shaw and ordered the Department to refund the amounts paid under protest. There are two issues before the court for review: Whether a use tax was properly imposed on the two airplanes purchased by Shaw and whether the computer services rendered to Shaw are taxable by the Department. For the reasons below, we affirm in part and reverse in part.

FACTS
The Department conducted a sales and use tax audit for the period of January 1994 through December 1996. During the period covered by the audit, Shaw purchased two airplanes out of state for the purpose of transporting its employees between Louisiana and other states. Greater than 99% of the flights in the two airplanes was for out-of-state transportation. One of the airplanes arrived in Louisiana on May 18, 1996, and began transporting employees on May 22nd of that same year. The second airplane arrived in Louisiana on June 26, 1996, and began transporting employees the following day, June 27th. Also during the period covered by the audit, Shaw entered into contracts with computer programmers for services performed in connection with Shaw's existing computer software. As a result of the audit, the Department assessed additional taxes, which Shaw paid under protest. Shaw then filed suit to recover the amount paid under protest. Following a hearing on a motion for summary judgment filed by Shaw, the trial court rendered judgment in Shaw's favor on both issues and allowed Shaw to amend its petition to conform with the evidence presented at the hearing.

DISCUSSION
The plaintiff or defendant in the principal or any incidental action, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. La.Code Civ. P. art. 966(A)(1). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. The procedure is favored and shall be construed to accomplish these ends. La.Code Civ. P. art. 966(A)(2). The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). After adequate discovery a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. La.Code Civ. P. art. 966(C)(1).
Under the 1997 amended version of article 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, the non-moving *939 party must produce factual support sufficient to satisfy its evidentiary burden at trial. La.Code Civ. P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La.Code Civ. P. arts. 966 and 967; Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 695, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.

AIRPLANE ISSUE
In lieu of a sales tax, La. R.S. 47:302(A)(2) imposes a tax on tangible personal property when the item is not sold but is used, consumed, distributed, or stored for use or consumption in this state. La. R.S. 47:305(E) provides for exclusions and exemptions from the above tax and reads in part as follows: "It is not the intention of this Chapter to levy a tax upon articles of tangible personal property imported into this state, or produced or manufactured in this state, for export; nor is it the intention of this Chapter to levy a tax on bona fide interstate commerce ...." The statute further provides that, "It is, however, the intention of this Chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state, of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state."
The Department contends that although Shaw's purchase of the airplanes took place outside of Louisiana, the tax attached after the delivery of the airplanes to Louisiana was complete and before the interstate transportation of personnel began. The Department argues that there was a "taxable moment" at the point of delivery. See Southern Pacific Company v. Gallagher, 306 U.S. 167, 59 S.Ct. 389, 83 L.Ed. 586 (1939); Comdisco, Inc. v. Department of Revenue and Taxation, 93-1695 (La.App. 1 Cir. 10/7/94), 647 So.2d 341, writ denied, 95-0257 (La.3/30/95), 651 So.2d 837; Tigator, Inc. v. West Baton Rouge Police Jury, 94-1771, 94-1772 (La. App. 1 Cir. 5/5/95), 657 So.2d 221, writ denied, 95-2126 (La.11/17/95), 663 So.2d 712. It urges that the interstate commerce exclusion is inapplicable because the transportation of personnel between Louisiana and other states occurred subsequent to this taxable transaction. The Department further argues that the airplanes made some wholly intrastate flights. Although the flights were few in number, they nevertheless supplied the required use in this state to further support the imposition of the tax. These flights were a local activity separate and apart from interstate commerce.
Shaw argues that the use tax on the airplanes was not proper because the use of the airplanes is excluded under La. R.S. 47:305(E). This exclusion is for "bona fide interstate commerce." Shaw asserts that the court must look to the "ultimate use" of the property in question. If the ultimate use of the property was for interstate commerce, the property is not subject to the use tax even if imported to, stored and occasionally used in Louisiana. Tigator, Inc. v. West Baton Rouge Police Jury, 657 So.2d at 228-229.
We agree. The Tigator case concerned both sales and use taxes imposed on tractors, trailers and repair parts. As to the imposition of a use tax on the tractor/trailer rigs that were purchased out of state and brought into Louisiana, the court held that only those transactions which result in the "ultimate use" in this state are taxable. Whether property has come to rest in Louisiana and has become a part of the mass of the property in this state is determined by its "ultimate use." Tigator Inc. v. West Baton Rouge Police Jury, 657 So.2d at 228, citing Mobil Oil Corp./The Superior Oil Company v. McNamara, 517 So.2d 278, 279 (La.App. 1 Cir.1987), Traigle v. PPG Industries, Inc., 332 So.2d 777 (La.1976), and McNamara v. U.O.P., Inc., 389 So.2d 741 (La.App. 2 Cir.1980), writ denied, 396 So.2d 898 (La.1981). The court in Tigator held the ultimate use of *940 the trailers was to operate in interstate commerce, therefore no tax was owed. Likewise, Shaw purchased the airplanes intending to transport employees from Louisiana to other states. We find that Shaw's ultimate use of the airplanes was in interstate commerce; therefore, the exclusion found in La. R.S. 47:305(E) applies in this case, and no use taxes are owed.
We are not persuaded by the Department's argument that a "taxable moment" occurred when the airplanes were delivered in Louisiana. Although the court in Tigator found a "taxable moment" and upheld the tax imposed with regard to the trailers and repair parts, that portion of the court's decision concerned a sales tax, not a use tax. The facts surrounding those transactions are different than the one we are faced with in this case. That portion of the Tigator opinion is not applicable. We are also not persuaded by the Department's argument that Shaw's use of the airplanes for in-state flights triggers the use tax. The flight hours for in-state transportation total less than 1% of the total flight hours on the two airplanes. Because this court looks to the "ultimate use" of the airplanes, we find that Shaw's intention was to use the airplanes in interstate commerce, not in-state transportation. For the reasons stated above, we affirm the trial court's granting of the summary judgment on this issue.

COMPUTER SOFTWARE SERVICES ISSUE
La. R.S. 47:302(A) provides for a tax on the sale of tangible personal property, and La. R.S. 47:302(C) provides for a tax on sales of services. La. R.S. 47:301(14)(g)(i) defines sales of services to include, the furnishing of repairs to tangible personal property. Only those services defined in the statute are taxable. Intracoastal Pipe Serv. Co., Inc. v. Assumption Parish Sales and Use Tax Department, 558 So.2d 1296, 1298 (La.App. 1 Cir.), writ granted in part and writ denied in part, 563 So.2d 863 (La.1990). In South Central Bell Telephone Co. v. Barthelemy, 94-0499 (La.10/17/94), 643 So.2d 1240, the supreme court found that computer software was tangible personal property.
Shaw maintains that it owned, developed and used a computerized fabrication management system in the running of its business. Shaw contracted with QZO and Roger Fraibert to provide services for enhancing the existing software to increase its efficiency. The computer related services merely enhanced Shaw's existing software to make it more efficient. The software was operable before the services were provided, and Shaw did not purchase any new software or equipment. Shaw contends that the Louisiana Supreme Court has held that "technical support, updating, enhancing and reformatting" software and advising the taxpayer with respect to certain usage of the software does not fall under the ruberic of "repair services." South Central Bell Telephone Co. v. Barthelemy, 643 So.2d at 1250.
In support of its motion for summary judgment, Shaw has submitted two affidavits attesting that the services were not repairs and that the software was operable before the services were provided. The affidavits stated that the services provided enhanced the existing software to make it more efficient.
The Department contends that if the nature of the software services received by Shaw was repairs, the services are taxable. The Department asserts that Shaw's own petition, in paragraph 5, stated that the services to the computer software were "repairs and modifications." The invoices provided by Shaw prior to the hearing contained vague descriptions such as "project management" and "programming." The Department maintains that there was no opportunity to propound discovery to determine the specific nature of the software services.
At issue is the nature of the computer software services provided to Shaw. We agree with the Department that more discovery is needed to make a determination *941 on this issue. Also, because Shaw's own petition described the services as "repairs and modifications" of software, the granting of the summary judgment on this issue was inappropriate.[1] The trial court's granting of summary judgment on this issue is reversed.
For the above reasons we affirm the trial court's judgment in part and reverse in part.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] Judge Ganucheau is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] There is no authority for the trial court to allow amendment of the petition in conjunction with a motion for summary judgment.