| gPARRO, J.
The Department of Revenue, State of Louisiana (Department), appeals from a trial court judgment, which granted a summary judgment in favor of a taxpayer and abated the Department’s tax assessment relative to computer software services. For the following reasons, the judgment is affirmed.

Facts and Procedural History

The Department conducted a sales and use tax audit of The Shaw Group, Inc. (Shaw) for the period of January 1994 through December 1996. During the period covered by the audit, Shaw had entered into contracts with computer programmers for services in connection with Shaw’s existing computer software. As a result of the audit, the Department assessed additional taxes in connection with the computer software services, as well as the purchase of two airplanes, which Shaw paid under protest. Shaw then filed suit to recover the amount paid under protest. Following a hearing on a motion for summary judgment filed by Shaw, the trial court rendered a summary judgment in Shaw’s favor relative to the computer software services and the airplane purchases, ordering the Department to refund the amount paid under protest. The Department appealed from the trial court’s grant of the summary judgment. Shaw Group, Inc. v. Kennedy, 99-1871 (La.App. 1st Cir.9/22/00), 767 So.2d 937.
Finding that the airplanes were purchased outside of the state and used primarily for interstate transport, this court affirmed the trial court’s granting of summary judgment on this issue based on the exclusion from taxation found in LSA-R.S. 47:305(E). Shaw Group, Inc. v. Kennedy, 767 So.2d at 940. Relative to the issue of the taxability of the computer software services under LSA-R.S. 47:302(A) as tangible personal property, this court noted that Shaw had submitted two affidavits in support of its motion for summary judgment, attesting that the services were not repairs and that the software was operable before the services were provided. Furthermore, the affidavits stated that the services enhanced the existing software to *669 make it more efficient. However, in paragraph 5 of Shaw’s petition, the services were described as “repairs and modifications” of software. The invoices provided by Shaw prior to the |,shearing contained vague descriptions such as “project management” and “programming.” Based on these observations and the Department’s complaint that there had been no opportunity to propound discovery, this court reversed the trial court’s granting of the summary judgment on this issue for the purpose of allowing more discovery concerning the specific nature of the computer software services provided to Shaw. Shaw Group, Inc. v. Kennedy, 767 So.2d at 940-941.
Shaw’s petition was amended to state that the Department was attempting to tax the invoiced value of certain enhancements to software owned, developed, and used by Shaw. After further discovery, the parties filed cross motions for summary judgment, seeking a determination concerning the tax assessment on Shaw’s modifications to the computer software.[2] Shaw maintained that it owned, developed, and used a computerized fabrication management system in the running of its business. Shaw contracted with QZO, Inc. and Roger Freibert to provide services for the enhancement of the existing software to increase its efficiency. According to Shaw, the computer-related services merely enhanced its existing software to make it more efficient. The software was operable before the services were provided, and Shaw did not purchase any new software or equipment. On the other hand, the Department submitted that the programming resulted in such a significant enhancement and modification of Shaw’s computer software that the charges for the programming services performed were taxable as a purchase or use of new software.
The issue presented by the cross motions for summary judgment was whether the computer programming services provided by QZO, Inc. and Mr. Freibert, which resulted in modifications and enhancements to existing Shaw software, constituted the purchase of new software, so as to make it taxable as a purchase or use of tangible personal property. After recognizing that the resolution of this issue was relatively close, the trial court granted Shaw’s motion for summary judgment, abating the assessment against Shaw and ordering the Department to refund the amount paid 1 ¿under protest on account of these services. The judgment further denied the Department’s motion. The Department appealed from this judgment, contending the trial court erred in finding that the computer software services constituted a non-taxable event, despite its classification of the underlying transaction as a “purchase of software.”[3]

Discussion

Louisiana Revised Statute 47:302(A) provides for a tax on the sale at retail or the use in this state of tangible personal property.[4] Although some other states differ, in Louisiana, computer software constitutes tangible personal property, and thus is subject to taxation. South Central Bell Tel. Co. v. Barthelemy, 94-0499 (La.10/17/94), 643 So.2d 1240, 1250; United Companies Life Ins. Co. v. City of *670 Baton Rouge, 577 So.2d 195 (La.App. 1st Cir.1991).[5]
Shaw contends that the issue before this court has been resolved by the Louisiana Supreme Court in South Central Bell, referring to its finding that certain types of maintenance services relative to computer software did not fall under the rubric of repair services and were not taxable. South Central Bell, 643 So.2d at 1250. However, based on the wording of the minute entry in this case, the Department urges that after considering the evidence in the record, the trial court found that the actions undertaken by Shaw constituted a purchase of software. Accordingly, the Department argues that the resulting services provided by QZO, Inc. and Mr. Freibert are subject to taxation under LSA-R.S. 47:302(A).
The minute entry relied on by the Department does more than simply Rnote that a purchase of software had occurred. It further reflects that the referenced “purchase of software” resulted in an “upgrade,” rendering it non-taxable. The Department argues that the trial court erred in finding the upgrade to be non-taxable, because the code modification and capability enhancement produced an updated program and should be taxable as new software. It urges that the updated program itself constitutes tangible personal property, as it made additional functions possible, took up space on disks, and could be perceived by the senses. See LSA-R.S. 47:301(16)(a). According to the Department, the modification of software codes and the enhancement of its capabilities are nothing more than newer models of the software originally sold.
Although the South Central Bell case did not address the precise issue involved in the matter before us, we believe the analysis of the supreme court in that case is highly instructive. In South Central Bell, the primary issue before the court was whether certain computer software constituted “tangible personal property” taxable under the sales and use tax imposed by the City of New Orleans. After an exhaustive discussion of the characteristics of computer software and classification thereof as tangible or intangible under Louisiana law, the court held the computer software at issue constituted tangible personal property, which was taxable under the city ordinance. The court then considered the secondary issue of whether the maintenance services South Central Bell acquired in relation to the software were taxable. Those services consisted of technical support, updating, enhancing, and reformatting of the software, as well as advising the taxpayer with respect to certain usages of the software. The City argued such services were taxable under its ordinance as repairs to tangible personal property, but the court determined the services acquired by South Central Bell did not fall under the rubric of “repair services” and were not taxable. In so doing, the court specifically noted that the services were “to enhance already operable software and make it perform as efficiently as possible.” South Central Bell, 643 So.2d at 1250. The court could have easily found that the enhancement to the software, under the facts of that case, constituted new software and was thus taxable. The fact that the I «supreme court did not address that issue *671 lends support to Shaw’s argument that the enhancement to its software is not taxable.
Further support for Shaw’s position can be found in the current version of LSA-R.S. 47:301(16), which provides for exclusions from the term “tangible personal property.” See LSA-R.S. 47:301(16)(a).[6] Of importance to this case is the wording of LSA-R.S. 47:301(16)(e), which states:
The term “tangible personal property” shall not include work products which are written on paper, stored on magnetic or optical media, or transmitted by electronic device, when such work products are created in the normal course of business by any person licensed or regulated by the provisions of Title 37 of the Louisiana Revised Statutes of 1950, unless such work products are duplicated without modification for sale to multiple purchasers. This exclusion shall not apply to work products which consist of the creation, modification, updating, or licensing of computer software.
Clearly, the work product provision does not preclude the modification and updating of computer software from being classified as tangible personal property. The last sentence of LSA-R.S. 47:301(16)(e) dictates just the opposite. Therefore, after the enactment of this work product provision, such work products as the modification and updating of computer software as was done in this case would be taxable as tangible personal property.
However, the work product exclusion was not added by the legislature until 1998. See 1998 La. Acts, No. 46, § 1. By this amendment to LSA-R.S. 47:301(16), the legislature must have intended to change the status of certain work products from taxable to non-taxable — and also to change the status of certain other work products from non-taxable to taxable. If work products such as updates and modifications to computer software had been taxable before the work product provision was enacted, there would have been no need for the last sentence of the provision. However, based on the South Central Bell case, the updates and modifications done to Shaw’s existing, operable software were not taxable before the enactment of this provision. Therefore, 17it was necessary to add the last sentence for such services to be taxable as tangible personal property after 1998.
Thus, we conclude that the work product in this case, which consisted of modifications and updating of computer software, was not taxable under LSA-R.S. 47:302(A) as tangible personal property.

Decree

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal, in the amount of $897.17, are assessed to the Department.
AFFIRMED.

. Shaw and the Department concede that there are no genuine issues of material fact to preclude summary judgment in this case.

. A minute entry reflects that the trial court determined that "the purchase of the software was an upgrade and not a taxable event.”

.Unless otherwise noted, references to applicable provisions of the law in this opinion are to the versions in effect during the taxing period at issue in this case.

. Additionally, LSA-R.S. 47:302(C) provides for a tax on sales of services, as defined by law. Louisiana Revised Statute 47:301(14)(g)(i) defines sales of services to include the furnishing of repairs to tangible personal property. However, in its brief, the Department acknowledges that this case does not involve an attempt to tax repairs. The factual situation presented in this case clearly does not fall within any of the other activities included as sales of services, and therefore, LSA-R.S. 47:302(C) is not applicable.

. LSA-R.S. 47:301(16)(a) states that tangible personal property means and includes personal property which may be seen, weighed, measured, felt, or touched, or is in any other manner perceptible to the senses.