_[¿FOIL, J.
The defendant, Mark West, Administrator of the Ascension Parish Sales and Use Tax Authority (“Collector”), challenges the trial court judgment that granted summary judgment in favor of the plaintiff, Word of Life Christian Center. That judgment abated the Collector’s tax assessment against Word of Life and ordered the Collector to refund the amounts paid under protest. For the reasons that follow, we affirm.
*214 FACTS AND PROCEDURAL BACKGROUND
Word of Life purchased two aircraft for transportation to various religious functions, both in and out of Louisiana. Both planes were purchased and physically received out of state. The Collector issued two tax assessments on the planes for use taxes allegedly owed the parish. Word of Life paid the taxes under protest and filed suit for recovery of its payment.
Word of Life and the Collector filed cross motions for summary judgment concerning whether the Collector is entitled to use taxes on the use of the planes. Following a hearing, the trial court granted Word of Life’s motion for summary judgment and denied the Collector’s motion. This appeal by the Collector followed.
DISCUSSION
The Collector asserts two assignments of error on appeal. In his first assignment, he argues the trial court erred in holding that use tax was not due on tangible personal property purchased outside the Parish and then imported into the Parish and used there. He asserts that in such a situation, the cost price is subject to use tax, regardless of whether the property is used thereafter in interstate commerce, intrastate commerce, or both.
In his second assignment of error, the Collector claims that the trial court erred in applying the “ultimate use” test in a case not involving the consumption of tangible personal property. He asserts that the “ultimate use” test applies in cases when the objects of the tax are further processed |3into new objects for sale at retail, but does not apply when durable goods are used over and over, such as trucks and airplanes.
Word of Life directs this court’s attention to La. R.S. 47:305(E), which excludes from taxation property used in “bona fide interstate commerce.” For property used in interstate commerce, the taxable moment is when that property comes to rest in Louisiana and becomes a part of the mass of property in Louisiana. La. R.S. 47:305(E)(1). This court held in two previous cases that if an item is ultimately used in interstate commerce, then it has not come to rest and become a part of the mass of property in this state and, accordingly, is not subject to use tax. Shaw Group, Inc. v. Kennedy, 99-1871, pp. 5-6 (La.App. 1 Cir. 9/22/00), 767 So.2d 937, 939; Tigator, Inc. v. West Baton Rouge Police Jury, 94-1771, 94-1772, pp. 11-13 (La.App. 1 Cir. 5/5/95), 657 So.2d 221, 228-230, writs denied, 95-2126, 95-2172 (La.11/17/95), 663 So.2d 712. Word of Life attached the airplanes’ flight logs to its motion for summary judgment, showing that both planes are used more than 90% in interstate commerce. Thus, Word of Life asserts that because the ultimate use of the planes is in interstate commerce, they are exempt from use tax under La. R.S. 47:305(E).
The Collector argues that if the Shaw Group decision stands, persons from Louisiana will derive a positive advantage from going outside of the state to make purchases, thereby giving a substantial advantage to out-of-state merchants. The Shaw Group decision is based on an “ultimate use” test, which came about as a misapplication of the goal to place the tax burden on the ultimate consumer. The Collector argues no such test should apply here. He claims that Word of Life should have to pay use tax on its planes, just as it would have had to pay sales tax had it purchased the planes locally.
We are not persuaded by the Collector’s arguments. Rather, we agree with Word of Life’s position and find that its ultimate use of the airplanes was in Interstate commerce; therefore, the exclusion found in *215 La. R.S. |447:305(E) applies in this case and no use taxes are owed. As such, we hold that under the law and jurisprudence, the trial court correctly granted summary judgment in favor of Word of Life.
For these reasons, we affirm the trial court’s judgment. Costs of this appeal are assessed to the appellant.
AFFIRMED.
GAIDRY, J., dissents with reasons.