376 So.2d 505 (1979)
SPERRY RAND CORPORATION
v.
COLLECTOR OF REVENUE.
No. 12721.
Court of Appeal of Louisiana, First Circuit.
July 31, 1979.
R. Gordon Kean, Jr., Baton Rouge, counsel for respondent-appellee Sperry Rand Corp.
Riley F. Boudreaux, Jr., Edwin M. Callaway, Baton Rouge, counsel for petitioner-appellant Collector of Revenue.
Before ELLIS, LOTTINGER and LEAR, JJ.
LEAR, Judge.
This matter was instituted by Sperry Rand Corporation against the Collector of Revenue, now designated by the title, Secretary of Revenue and Taxation. In January, 1976, Sperry Rand asked the Collector of Revenue for a refund of $31,000.00 on the ground that the Collector's regulations as to the statutory definition of `cost price' were in error.
The Collector denied this refund and a petition for the refund was filed with the Board of Tax Appeals. The Secretary of the Department of Revenue and Taxation filed answer.
*506 The Board of Tax Appeals, after hearing, entered an order directed to the Collector of Revenue in favor of Sperry Rand and decreed that the refund be made.
The Secretary of the Department of Revenue and Taxation then applied to the 19th Judicial District Court for a review and reversal of the holding of the Board of Tax Appeals.
Sperry Rand manufactures certain items in various plants situated outside of the State of Louisiana. The items with which we are concerned were shipped to Louisiana and leased to various businesses and to bodies politic.
In assessing these items for the levying of the use tax, the value of labor and shop overhead were added to the value of each item.
In the recent case of Chicago Bridge & Iron Company v. Cocreham, 317 So.2d 605 (La.1975), the Supreme Court held that "the Louisiana Use Tax as applied to labor and shop overhead of the out of state manufacturer-user is unconstitutional and therefore unenforceable, because violative of the commerce clause of the United States Constitution."
During the period from January, 1973, through August, 1975, plaintiff Sperry Rand Corporation had paid without protest the Louisiana Use Tax levied on labor and shop overhead, in the amount of $31,000.00. In January, 1976, plaintiff requested the refund of the said amount, which was denied by the Collector of Revenue on the ground that the tax was not paid under protest.
Plaintiff then applied to the Board of Tax Appeals for a refund. After contradictory hearing, an order issued to the Collector of Revenue directing that the refund be made. A review of this ruling was sought by the defendant in the 19th Judicial District Court, which affirmed the ruling of the Board of Tax Appeals. From that judgment, defendant has appealed to this court. It is contended that under the provisions of R.S. 47:1576, no tax paid without protest can be recovered from the State. R.S. 47:1576 provides as follows:
"A. A right of action is hereby created to afford a remedy at law for any person aggrieved by the prohibition of courts restraining the collection of tax, penalty, interest, or other charges imposed in this Subtitle. The person resisting the payment of any amount found due by the collector, or of enforcement of any provisions of this Subtitle, shall remit the amount found due to the collector and at that time shall give the collector notice of his intention to file suit for the recovery thereof. Upon receipt of this notice, the amount remitted shall be placed in an escrow account and held by the collector or his duly authorized representatives for a period of thirty days. If suit is filed within the thirty-day period for the recovery of such amount, the funds in the escrow account shall be further held pending the outcome of the suit. If the person prevails, the collector shall refund the amount to the claimant, with interest at the rate of six percent per annum covering the period from the date the funds were received by the collector to the date of refund.
"B. This Section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Subtitle as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the collector shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
"C. This Section shall be construed to provide a legal remedy in the state or federal courts, by action at law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of the state of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States.

*507 "D. Upon request of a person and proper showing by such person that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, such person, upon agreement to abide by the decision of the courts, may remit the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be placed in an escrow account and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided."
We think it clear that the provisions of Subsection A, supra, are intended to apply in the situations outlined in Subsections B and C, which relate to the scope of the statute, and do not create rights of action separate from that created in Subsection A. Plaintiff did not protest the payment of the tax and therefore has no right of action under R.S. 47:1576.
However, we find that the Board of Tax Appeals has the authority to grant refunds regardless of whether the provisions of R.S. 47:1576 have been followed. R.S. 47:1481 provides:
"Any person who has a claim against the State of Louisiana for money erroneously paid into the State Treasury, or for any other claim, may present such claim to the board of tax appeals, in such form and together with such proofs as the board of tax appeals may require by its rules and regulations. The board shall duly examine into the justice, merits and correctness of each such claim presented to it, and shall officially pass thereon."
We think the foregoing section was intended to give the Board of Tax Appeals the authority to grant claims for taxes erroneously paid to the state, when principles of justice and equity so require, even though a refund might not otherwise be permitted by law. There is certainly no abuse of that authority in this case, in which a tax, later found to be unconstitutional, was paid.
However, the Board exceeded its authority in ordering the Collector to make the refund. R.S. 47:1483 provides, in part:
"If the claim is approved and it should be an amount not exceeding one thousand dollars, the chairman of the board of tax appeals shall issue a warrant upon the State Treasurer, for the amount for which the same is approved, stating in said warrant the amount, purposes, and reasons for which the same is drawn. If said claim shall amount to more than one thousand dollars, and is approved by said board of tax appeals, the chairman, giving all the facts and circumstances in connection therewith, shall report the same to the next session of the legislature for its consideration."
The judgment appealed from is therefore set aside, and the case remanded to the Board of Tax Appeals for appropriate action under the provisions of R.S. 47:1483, supra. The Collector shall bear all costs for which he may be liable under the law.
REVERSED AND REMANDED.