746 So.2d 285 (1999)
LOUISIANA HEALTH SERVICES AND INDEMNITY COMPANY d/b/a Blue Cross and Blue Shield of Louisiana
v.
SECRETARY, DEPARTMENT OF REVENUE, STATE OF LOUISIANA.
No. 98 CA 1971.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
David R. Cassidy, Jeanne C. Comeaux, Baton Rouge, Counsel for Plaintiff-Appellee Louisiana Health Services and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana.
Geneva Landrum, Baton Rouge, Counsel for Defendant-Appellant Secretary, Department of Revenue and Taxation, State of Louisiana.
*286 Before: GONZALES, FITZSIMMONS, and WEIMER, JJ.
FITZSIMMONS, J.
Defendant, the Secretary, Department of Revenue and Taxation, State of Louisiana (state), appealed the district court's affirmance of the Louisiana Board of Tax Appeals' judgment. The judgment was in favor of the plaintiff, Louisiana Health Services and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (Blue Cross). We affirm, in part, and remand to the Louisiana Board of Tax Appeals for further proceedings consistent with this opinion.
Initially, the state attacks the jurisdiction of the Board of Tax Appeals. The state argues that Blue Cross paid the assessed tax under protest, as allowed by La. R.S. 47:1576, but did not file suit in district court as specified by the statute. Therefore, the state argues, Blue Cross cannot avail itself of the provisions of La. R.S. 47:1481.
We find no merit in that argument. The two articles provide separate remedies. Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 705-06 (La.1993). Louisiana R.S. 47:1481 affords a remedy to "[a]ny person who has a claim against the State of Louisiana for money erroneously paid ..., or for any other claim ...." The section 1481 claim is not invalidated by a failure to follow the procedures of La. R.S. 47:1576. See Church Point Wholesale Beverage Co., Inc., 614 So.2d at 706; Sperry Rand Corporation v. Collector of Revenue, 376 So.2d 505, 507 (La.App. 1st Cir.), writ denied, 376 So.2d 156 (La.1979); Price v. Secretary, Department of Revenue and Taxation, State of Louisiana, 95-877, p. 10 (La.App. 3d Cir.12/6/95); 664 So.2d 802, 807, writ denied, 96-0074 (La.3/8/96); 669 So.2d 405. Blue Cross lost only the right to proceed in district court by its failure to timely file suit under La. R.S. 47:1576, not its claim under La. R.S. 47:1481 to seek redress before the Board of Tax Appeals.
Secondly, the state asserts that advertising brochures mailed to individuals in Louisiana are subject to a tax under the last sentence of La. R.S. 47:302 D. Blue Cross points out that the last sentence of La. R.S. 47:302 D allows a tax only after a "transfer" of the brochures takes place from an advertising firm to the client for use by the client. Blue Cross argues that the free brochures, mailed from out of state directly to possible Louisiana customers by the advertising firm, involved no "transfer" of items to Blue Cross. The state counters that the "transfer" to Blue Cross took place when Blue Cross paid the advertising firm for the brochures.
La. R.S. 47:302 D provides, as follows:
Notwithstanding any other provision of law to the contrary, no state sales or use tax ... shall be levied on any advertising service rendered by an advertising business, including but not limited to advertising agencies, design firms, and print and broadcast media, ... to any client whether or not such service also involves a transfer to the client of tangible personal property. However, a transfer of mass-produced advertising items by an advertising business which manufactures the items itself to a client for the client's use, which transfer involves the furnishing of minimal services other than manufacturing services by the advertising business shall be a taxable sale or use of tangible personal property; provided that in no event shall tax be levied on charges for creative services which are separately invoiced.
The first section of the paragraph excludes advertising services from taxation, with or without a transfer of tangible property. Only "items" fitting within the strict category outlined by the last sentence can be taxed, if a "transfer" is made. La. R.S. 47:302 D. Thus, the last sentence creates an exception to the general rule of no taxation for advertising services.
The Louisiana Legislature did not define "transfer" in the section on sales tax. *287 However, the transfer of items must be one made "to a client for the client's use." Id. A reading of the entire paragraph that comprises section D, makes it plain that the "transfer" contemplated is not the "virtual reality" or intangible transfer of ownership utilized in Civil Code article 2456, but a possessory or tangible transfer of the "items" to the client for use at the client's discretion. This interpretation is bolstered by the minutes of the Revenue and Fiscal Affairs Committee from June 25, 1987, where the future provisions of La. R.S. 47:302 D were discussed. According to the minutes, as they appear in the record, "the transfer of the items must be for the client's use." If the advertising firm was "using the items themselves to do something for the client, then that situation would not be taxable." The language envisions something more than payment by the client to the advertising firm.
Thus, actual transfer of the items by the advertising firm to Blue Cross, for use by Blue Cross, was a pre-requisite for a taxable basis. In this case, the parties stipulated that the brochures were not sent nor was possession transferred to Blue Cross. Direct mailing by the advertising firm of free brochures to consumers, as part of a marketing plan for the benefit of its client, did not constitute a transfer of the items to Blue Cross. Without all the necessary elements, the brochures cannot fit within the exception to the general rule of La. R.S. 47:302 D. For these reasons, we agree with the district court that the Board of Tax Appeals judgment was correct on the issues before it.
The board, however, exceeded its authority by directly ordering the state to make the refund, and not reporting the claim to the legislature. We note that the legislature provided two distinct methods of contest. Here, the taxpayer proceeded with the remedies and methodology of La. R.S. 47:1481. The state was not required to hold the amount paid in protest in an escrow account, as it would have been pursuant to La. R.S. 47:1576.
In this case, the taxpayer's claim was more than one thousand dollars. When the "claim shall amount to more than one thousand dollars, and is approved by said board of tax appeals, the chairman, giving all the facts and circumstances in connection therewith, shall report the same to the next session of the legislature for its consideration." La. R.S. 47:1483. Only the legislature can remove the absorbed payment from the public fisc. See La. R.S. 47:1483-84; Sperry Rand Corporation v. Collector of Revenue, 376 So.2d at 507.
We affirm the district court's affirmance of the board's judgment on the issue of jurisdiction and taxability. We vacate the board's order to refund the taxes paid, and remand to the Board of Tax Appeals for appropriate action under La. R.S. 47:1483. The costs of the appeal, $686.89, are assessed to the defendant, Secretary, Department of Revenue and Taxation.
AFFIRMED, IN PART, VACATED, IN PART, AND REMANDED.
GONZALES, J., dissents and assigns reasons.
GONZALES, J., dissenting in part.
I believe that a "transfer to the client" under La. R.S. 47:302 D includes the present fact situation, which consists of a transfer of advertising materials to the Blue Cross customers for the benefit of the client, Blue Cross. I think the quoted language in the majority opinion from the Revenue and Fiscal Affairs Committee meeting supports such a conclusion.