PETTIGREW, J.
 

 |2This case arises as a result of the imposition, by the Louisiana Department of Revenue (“the Department”), of a use tax on catalogs that Dillard’s Inc. (“Dillard’s”) had printed out of state and had mailed to its customers in Louisiana as well as to Dillard’s Louisiana department stores. Dillard’s paid the taxes under protest, and thereafter instituted this litigation seeking to obtain a refund of the taxes and interest it paid.
 

 Cross motions for summary judgment were subsequently filed by both parties, and following a hearing, the district court ruled in favor of the Department, granted the Department’s motion for summary judgment, and denied Dillard’s motion for summary judgment. It is from this judgment that Dillard’s now appeals.
 

 FACTS
 

 Petitioner, Dillard’s (formerly Dillard Department Stores, Inc.), is a Delaware corporation that operates retail department stores in a number of states, including Louisiana. In 1995 and 1996, the
 
 *275
 
 Department audited Dillard’s books and records, and in a letter dated October 31, 1997, asserted Dillard’s owed use taxes totaling $93,018.01. The Department imposed a 4 percent use tax on the price Dillard’s paid an out-of-state printer to print and distribute catalogs free of charge to Dillard’s credit card holders in Louisiana as well as to Dillard’s Louisiana department stores for the period from February 1, 1992 through January 31, 1995. In addition, the Department claimed Dillard’s owed $58,852.00 in interest through November 20, 1997, for a total of $151,870.01, attributable solely to the catalogs. During the years in question, Dillard’s directly operated seven department stores within the State of Louisiana. It is undisputed that the catalogs in question were distributed free of charge to Dillard’s credit card holders as well as walk-in customers and browsers who received the catalogs in Dillard’s stores.
 

 In a letter dated December 22, 1997, Dillard’s remitted payment of $153,175.92 (tax in the amount of $93,018.01 plus interest of $60,157.91) under protest pursuant to La. R.S. 47:1576. On December 23, 1997, Dillard’s timely filed the instant case in the Nineteenth Judicial District seeking recovery of the amounts it paid under protest.
 

 INACTION OF THE TRIAL COURT
 

 On August 11, 2008, the Department filed a motion for summary judgment seeking authorization to release to the state treasury the taxes and interest remitted under protest by Dillard’s. Dillard’s thereafter, on January 12, 2009, filed a cross-motion for summary judgment asserting the distribution and mailing of catalogs by out-of-state printers directly to potential customers in Louisiana is excluded from Louisiana use tax pursuant to La. R.S. 47:302(D). Dillard’s further asserted the distribution of catalogs to potential customers by mail and to Dillard’s stores is not subject to Louisiana use tax as the reasonable market value of the catalogs at the point of use was zero.
 

 Following a hearing on February 9, 2009, the trial court ruled in favor of the Department, granted the Department’s motion for summary judgment, and denied Dillard’s motion for summary judgment. A judgment to this effect was signed by the trial court on March 6, 2009. It is from this judgment that Dillard’s now appeals.
 

 ISSUES PRESENTED ON APPEAL
 

 In connection with its appeal in this matter, Dillard’s presents the following issues for consideration by this court:
 

 1. Whether the trial court erred as a matter of law in granting the Department’s motion for summary judgment?
 

 2. Whether the trial court erred in failing to apply the exclusion from Louisiana sales and use tax in La. R.S. 47:302(D)?
 

 3. Whether the trial court erred in failing to apply the holding of the First Circuit in
 
 Louisiana Health Services and Indemnity v. Secretary, Dept. of Revenue, State of Louisiana,
 
 1998-1971, (La.App. 1 Cir. 11/5/99), 746 So.2d 285,
 
 unit denied,
 
 2000-0263 (La.3/24/00), 758 So.2d 155?
 

 4. Whether the trial court erred in applying the “reasonable market value test” and considering Dillard’s to be the willing buyer?
 

 5. Whether the trial court erred as a matter of law in denying Dillard’s motion for summary judgment?
 

 
 *276
 
 DISCUSSION
 

 A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact.
 
 Johnson v. Evan Hall Sugar Coop., Inc.,
 
 2001-2956, p. 3 (La.App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of | ¿material fact, and that mover is entitled to judgment as a matter of law. La. Code Civ. P. ai’t. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ. P. art. 966(A)(2);
 
 Thomas v. Fina Oil and Chemical Co.,
 
 2002-0338, pp. 4-5 (La.App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502.
 

 On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2);
 
 Robles v. ExxonMobile,
 
 2002-0854, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
 

 In determining whether summary judgment is appropriate, appellate courts review evidence
 
 de novo
 
 under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate.
 
 Allen v. State ex rel. Ernest N. Morial
 
 —New
 
 Orleans Exhibition Hall Authority,
 
 2002-1072, p. 5 (La.4/9/03), 842 So.2d 373, 377. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case.
 
 Foreman v. Danos and Curole Marine Contractors, Inc.,
 
 1997-2038, p. 7 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, 4,
 
 writ denied,
 
 1998-2703 (La.12/18/98), 734 So.2d 637.
 

 In granting the Department’s motion for summary judgment, the trial court held that the Dillard’s catalogs were subject to Louisiana use tax imposed pursuant to La. R.S. 47:302 A(2). Louisiana R.S. 47:302 A(2) imposes a 2 percent use tax on the “cost price of each item or article of tangible personal property when the same is not sold but is used, |sconsumed, distributed, or stored for use or consumption in this state.... ” The “cost price” of an item is defined in La. R.S. 47:301(3)(a) as the lesser of (1) the actual cost of the tangible personal property, or (2) “the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax.” Title 61, Part I, Section 4301(C) of the Louisiana Administrative Code defines “reasonable market value” as follows:
 

 [T]he reasonable market value of tangible personal property is the amount a willing seller would receive from a willing buyer in an arms-length exchange of similar property at or near the location of the property being valued....
 

 At the hearing on their cross motions for summary judgment, both parties put forth arguments in support of their respective positions. Dillard’s asserted the reasonable market value of the catalogs at the
 
 *277
 
 point they became subject to Louisiana use tax — i.e., when said catalogs were distributed free of charge to Dillard’s credit card customers in Louisiana or patrons at Dillard’s department stores in Louisiana— was zero, as a buyer would presumably be unwilling to pay anything to acquire said catalogs. Conversely, the Department maintained that the value of a single catalog distributed free of charge to a Dillard’s customer was the price that Dillard’s paid the out-of-state printer to print its catalog.
 

 The trial court, in transcribed oral reasons for judgment, held:
 

 THE COURT: ... As far as I’m concerned, the reasonable value is from the perspective of the buyer and seller ... of the services. And since the consumer of those services, the buyer of those services!,] is Dillard’s, what is it worth to Dillard’s for that to be distributed to its clientele or potential clientele in the state, not what it is worth to the clientele itself, who could care less whether a Dillard’s brochure is in there or not.... [B]ut Dillard’s sure wants to see that [catalogs are] delivered to their customers. Their perspective is the one for the willing buyer and seller, from this court’s opinion anyway.
 

 We agree with the trial court’s analysis on the value. In connection with its appeal in this matter, Dillard’s respectfully submits that the district court legally erred in failing to apply the sales and use tax exclusion set forth in La. R.S. 47:302(D) to the facts of this case.
 

 As Dillard’s noted in its brief to this court, La. R.S. 47:302(D) provides:
 

 |i;D. Notwithstanding any other provision of law to the contrary, no sales or use tax of any taxing authority shall be levied on any advertising service rendered by an advertising business, including but not limited to advertising agencies, design firms, and print and broadcast media, or any member, agent, or employee thereof, to any client whether or not such service also involves a transfer to the client of tangible personal property. However,
 
 a transfer of mass-produced advertising items by am advertising business ivhich manufactures the items itself to a client for the client’s use,
 
 which transfer involves the furnishing of minimal services other than manufacturing services by the advertising business shall be a taxable sale or use of tangible personal property; provided that in no event shall tax be levied on charges for creative services which are separately invoiced. [Italics and underscoring supplied].
 

 Dillard’s asserts that the distribution of its catalogs by mail directly from an out-of-state printer to potential Dillard’s customers in Louisiana is excluded from Louisiana sales or use taxes pursuant to La. R.S. 47:302(D). In support of this proposition, Dillard’s cites
 
 Louisiana Health Services and Indemnity v. Secretary, Department of Revenue, State of Louisiana.,
 
 1998-1971, pp. 2-3 (La.App. 1 Cir. 11/5/99), 746 So.2d 285, 286,
 
 writ denied,,
 
 2000-0263 (La.3/24/00), 758 So.2d 155.
 

 In
 
 Louisiana Health Services,
 
 Blue Cross and Blue Shield of Louisiana (“Blue Cross”), contracted with an out-of-state advertising firm to print and distribute advertising brochures to possible Louisiana customers. The out-of-state advertising firm thereafter mailed the advertising brochures directly to Louisiana residents. The Department appealed to this court contending the advertising brochures were taxable pursuant to La. R.S. 47:302(D). Blue Cross, also relying on La. R.S. 47:302(D), argued that the free brochures, mailed directly to Louisiana residents by an out-of-state advertising firm, did not involve a “transfer” of items to Blue Cross, as required by La. R.S. 47:302(D). The
 
 *278
 
 Department responded "with the contention that the “transfer” to Blue Cross took place when Blue Cross paid the advertising firm for the brochures.
 

 In its decision in
 
 Louisiana Health Services,
 
 this court agreed with Blue Cross and held that there had been no tangible “transfer” of items to Blue Cross that would subject Blue Cross to liability for sales or use tax pursuant to La. R.S. 47:302(D).
 
 Louisiana Health Services,
 
 1998-1971 at pp. 3-4, 746 So.2d at 286-287. In reaching its decision, this court analyzed the provisions of La. R.S. 47:302(D) and held:
 

 |7The first section of the paragraph [of La. R.S. 47:302(D) ] excludes advertising services from taxation, with or without a transfer of tangible property. Only “items” fitting within the strict category outlined by the last sentence can be taxed, if a “transfer” is made. La. R.S. 47:302(D). Thus, the last sentence creates an exception to the general rule of no taxation for advertising services.
 

 The Louisiana Legislature did not define “transfer” in the section on sales tax. However, the transfer of items must be one made “to a client for the client’s use.”
 
 Id.
 
 A reading of the entire paragraph that comprises section D, makes it plain that the “transfer” contemplated is not the “virtual reality” or intangible transfer of ownership utilized in Civil Code article 2456, but a posses-sory or tangible transfer of the “items” to the client for use at the client’s discretion. This interpretation is bolstered by the minutes of the Revenue and Fiscal Affairs Committee from June 25, 1987, where the future provisions of La. R.S. 47:302 D were discussed. According to the minutes, as they appear in the record, “the transfer of the items must be for the client’s use.” If the advertising firm was “using the items themselves to do something for the client, then that situation would not be taxable.” The language envisions something more than payment by the client to the advertising firm.
 

 Thus, actual transfer of the items by the advertising firm to Blue Cross, for use by Blue Cross, was a pre-requisite for a taxable basis. In this case, the parties stipulated that the brochures were not sent nor was possession transferred to Blue Cross. Direct mailing by the advertising firm of free brochures to consumers, as a part of a marketing plan for the benefit of its client, did not constitute a transfer of the items to Blue Cross. Without all the necessary elements, the brochures cannot fit within the exception to the general rule of La. R.S. 47:302 D. For these reasons, we agree with the district court that the Board of Tax Appeals judgment was correct on the issues before it.
 

 Louisiana Health Services,
 
 1998-1971 at pp. 3-4, 746 So.2d at 286-287.
 

 Dillard’s asserts that pursuant to this court’s decision in
 
 Louisiana Health Services,
 
 the Department cannot impose any tax (sales or use) arising from the distribution of Dillard’s catalogs by the out-of-state printer to Louisiana residents by mail.
 

 Conversely, the Department urges application of
 
 J & B Publishing Company v. Department of Revenue,
 
 34,105 (La. App.2d Cir.12/15/00), 775 So.2d 1148, a Second Circuit case decided more than a year following, but does not reference, this court’s decision in
 
 Louisiana Health Services.
 
 In
 
 J & B Publishing,
 
 the Department imposed a use tax upon J & B Publishing, an independent Louisiana telephone directory publisher, for the printing and binding services provided to J & B Publishing by an out-of state printer. The Texas printer thereafter shipped the
 
 *279
 
 completed directories to J & B Publishing’s warehouse in Monroe, Louisiana, from which J & B Publishing distributed the | ^directories free of charge to the public. The Second Circuit rejected J & B Publishing’s argument that the printing and binding of telephone directories was an integral part of the advertising service J & B Publishing provided to its customers and is therefore an advertising service. The Second Circuit ruled the services provided by the Texas printer were not sales of advertising services, i.e., the sale of advertising space and creative services, but rather printing and binding services which it sold to J & B Publishing.
 
 J & B Publishing Company,
 
 34,105 at p. 5,775 So.2d at 1152.
 

 The factual scenario presented in
 
 J & B Publishing
 
 differs from facts found in
 
 Louisiana Health Services,
 
 and those present in the instant case. Unlike telephone directories that possess an inherent utility aside from mere advertisement, catalogs and brochures are useful only to advertise and apprise the consumer of the goods and services offered by a merchant or firm. Additionally, the telephone directories were delivered directly to the taxpayer, i.e.,
 
 J & B Publishing,
 
 for distribution. As this court noted in
 
 Louisiana Health Services,
 
 the “actual transfer of the items by the advertising firm to Blue Cross, for use by Blue Cross, was a prerequisite for a taxable basis.”
 
 Louisiana Health Services,
 
 1998-1971 at p. 3, 746 So.2d at 287. For these reasons, we find the facts and holding of
 
 J & B Publishing
 
 to be inapposite to the facts presented by the instant case.
 

 This court held in
 
 Louisiana Health Services
 
 that the direct mailing by an out-of-state advertising firm of free brochures to potential customers in Louisiana, as part of a marketing plan, did not constitute a transfer of these items to Blue Cross.
 
 Louisiana Health Services,
 
 1998-1971 at pp. 3-4, 746 So.2d at 287. Applying the same rationale, we find that the distribution of free catalogs by mail directly from an out-of-state printer to Dillard’s credit card customers in Louisiana did not constitute a transfer of these items to Dillard’s. Thus, like Blue Cross, we conclude that with respect to those catalogs mailed free of charge directly to Dillard’s credit card customers in Louisiana, Dillard’s falls within the exception to the general rule of La. R.S. 47:302(D) and is exempt from liability for Louisiana use tax pursuant to La. R.S. 47:302(D).
 

 | nThis court has previously held, in
 
 Louisiana Health Services,
 
 and now in the instant case, that the pre-requisite for a taxable basis pursuant to La. R.S. 47:302(D) is the actual transfer of items by the advertising firm to its client, for use by its client. For this reason, we decline to apply the exception to the general rule of La. R.S. 47:302(D) to those catalogs forwarded by mail from the out-of-state printer directly to Dillard’s Louisiana stores for distribution free of charge to walk-in customers and browsers who received the catalogs in Dillard’s stores.
 

 Accordingly, we hereby reverse the trial court’s grant of summary judgment in favor of the Department. We now remand this matter to the trial court for its determination as to the amount of refund owed to Dillard’s with respect to those catalogs mailed free of charge directly to Dillard’s credit card customers in Louisiana. We further direct that the trial court determine the amount of taxes owed by Dillard’s with respect to those catalogs forwarded by mail from the out-of-state printer directly to Dillard’s Louisiana stores.
 
 [1]
 

 
 *280
 
 CONCLUSION
 

 For the above and foregoing reasons, the trial court’s grant of summary judgment in favor of the Department is reversed. We hereby remand this matter to the trial court for further proceedings consistent with this opinion. Costs in the amount of $1,358.22 shall be assessed against the State Of Louisiana, Department of Revenue.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . There is no evidence in the record before this court to establish the quantity or percentage of costs attributable to those catalogs shipped by mail from the out-of-state printer directly to Dillard's Louisiana stores.